1  JOHN A. RUSSO, City Attorney - State Bar #129729
   RANDOLPH W. HALL, Chief Assistant City Attorney - State Bar #080142
2  WILLIAM E. SIMMONS, Supervising Trial Attorney - State Bar #121266
   ARLENE M. ROSEN, Senior Deputy City Attorney - State Bar #100160
3  One Frank H. Ogawa Plaza, 6th Floor
   Oakland, California 94612
4  Telephone: (510) 238-6392            Fax: (510) 238-6500
   arosen@oaklandcityattorney.org
5  25818/446246

6  Attorneys for Defendants
   CITY OF OAKLAND, et al.

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  JOHN SMITH; ROBERT DAVIS; MEHERET ANETENEH; KIRBY BRADSHAW; 12  SPENCER LUCAS; JAMEL PARRISH; YUSEF MORRIS; ELBERT OWENS; 13  RAHEEM HILL; SHERMAN DUNN, 14              Plaintiffs, 15       vs. 16  CITY OF OAKLAND, a municipal corporation; WAYNE TUCKER, in his capacity as Chief of 17  Police for the CITY OF OAKLAND; J. KOSTER, individually and in his capacity as a police 18  officer for the CITY OF OAKLAND; BROWN, individually and in his capacity as a police 19  officer for the CITY OF OAKLAND; E. FRAZIER, individually and in his capacity as a 20  police officer for the CITY OF OAKLAND; R. HOLTON, individually and in her capacity as 21  a police officer for the CITY OF OAKLAND; MAYER, individually and in his capacity as a 22  police officer for the CITY OF OAKLAND; T. BERGERON, individually and in his capacity as 23  a police officer for the CITY OF OAKLAND; B. BURKE, individually and in his capacity as a 24  police officer for the CITY OF OAKLAND; | Case No. C-07-06298-MHP  **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CLAIMS OF PLAINTIFFS YUSEF MORRIS, ROBERT DAVIS AND JAMEL PARRISH (F.R.C.P. 12(b)(6) AND 41(b))**  DATE:   June 2, 2008 TIME:   2:00 p.m. PLACE:  Courtroom 15, 18th Floor  Honorable Marilyn Hall Patel |

25

26

1 | J. FOREMAN, individually and in his capacity as a police officer for the CITY OF OAKLAND;
2 | L. LEONIS, individually and in her capacity as a police officer for the CITY OF OAKLAND;
3 | S. BOWLING, individually and in his capacity as a police officer for the CITY OF OAKLAND;
4 | T. GODFREY, individually and in his capacity as a police officer for the CITY OF OAKLAND;
5 | S. TITH, individually and in his capacity as a police officer for the CITY OF OAKLAND;
6 | M. MARTINEZ, individually and in his capacity as a police officer for the CITY OF OAKLAND;
7 | M. MILLER, individually and in his capacity as a police officer for the CITY OF OAKLAND;
8 | C. JOHNSON, individually and in his capacity as a police officer for the CITY OF OAKLAND;
9 | CRABTREE, individually and in his capacity as a police officer for the CITY OF OAKLAND;
10 | and, DOES 1-25, inclusive,

Defendants.

## I.

## INTRODUCTION

Plaintiffs filed the above action on December 12, 2007 alleging violations of their civil rights under 42 U.S.C Section 1983 for being subjected to strip searches by various Oakland Police Department officers. Each of the ten plaintiffs alleges a discrete incident involving different officers, locations and dates. Their complaint also alleges that they are putative members of a class alleged in *Foster, et al. v. City of Oakland, et al.*, United States District Court No. C-05-3110-MHP, and that the applicable statute of limitations for causes of action accruing more than two years before the filing of this action are tolled (Complaint, paragraph 30). This court granted Plaintiffs' Motion for Administrative Relief to Consider Whether Cases Should Be Related to *Foster* and the other previously related strip search actions on March 19, 2008.

///

///

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION TO
DISMISS CLAIMS OF PLAINTIFFS YUSEF MORRIS,
ROBERT DAVIS AND JAMEL PARRISH (F.R.C.P. 12(b)(6)
AND 41(b))

2    C-07-06298-MHP

Defendants seek dismissal of the claims of Plaintiffs Yusef Morris and Jamel Parrish, and one of the two claims asserted by Robert Davis [1] on the ground that, nothwithstanding the tolling period, they failed to timely file the complaint in this action, thereby requiring dismissal of their respective claims. The tolling period began on September 22, 2005, when plaintiffs in *Foster, et al.* filed an amended complaint alleging a putative class for the first time. [2] See Request for Judicial Notice (hereafter "RJN") Exhibits 1 and 2, submitted herewith. The plaintiffs in *Foster* and the actions related thereto filed a motion for class certification heard on January 22, 2007, which this Court denied in its memorandum and order of January 29, 2007. RJN No. 3. At that time, the tolling of the statute expired, and whatever time remained for each of these plaintiffs to assert their claims as of September 22, 2005 began running again.

As discussed below, the tolling of the statute necessarily expired upon denial of class certification. *See, e.g., Crown, Cork & Seal v. Parker,* 462 U.S. 345 (1983). Accounting for the tolling period from September 22, 2005 to January 29, 2007, the filing deadlines for these three plaintiffs are:

| Plaintiff | Date of Incident/ 2-yr. Statute Begins | Time Remaining After Denial of Class | Filing Deadline |
|---|---|---|---|
| Yusef Morris | 10/3/03 (Complaint, paragraph 71) | 11 days | 2/10/07 |
| Robert Davis | Early to mid-2004 (Complaint, Paragraph 43, calculated from 6/30/04) | 9 mos., 8 days | 11/6/07 |
| Jamel Parrish | 1/7/04 (Complaint Paragraph 67) | 3 mos., 15 days | 5/14/07 |

---

[1] Mr. Davis alleges two separate incidents (Complaint, paragraphs 43 and 49.) Although the dates of both incidents are not alleged with specificity, defendants seek to dismiss only the earlier claim, giving him the benefit of the doubt as to the August, 2004 incident.

[2] Although the initial complaint in *Foster* was filed on August 1, 2005, nowhere is there any mention of a putative class or plaintiffs' intention to move for class certification.

Each of the above deadlines occurred well before the December 12, 2007 filing of the complaint in this action, thereby requiring dismissal of these untimely claims.

## II.

## ARGUMENT

### A. Plaintiffs Morris, Davis and Parrish have Failed to State a Claim Upon Which Relief Can Be Granted

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal for failure to state a claim upon which relief can be granted. Where, as here, the allegations in each of these three plaintiffs' claims (which must be taken as true for purposes of this motion), show that relief is barred by the applicable statute of limitations, their complaint is subject to dismissal for failure to state a claim. *Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 920-921 (2007). Put another way, where an affirmative defense is patently evident in the allegations of the complaint, dismissal is warranted. *Id.* at 127 S.Ct. 921. As plaintiffs' untimeliness cannot be cured by amendment or any other means, dismissal operates as an adjudication on the merits. F.R.C.P. 41(b).

### B. Plaintiffs' Claims Remain Untimely Even with the Tolling Effect of the Class Action Filed in *Foster, et al.*

The United States Supreme Court held in *Crown, Cork & Seal, supra,* at 462 U.S. 345 that the tolling of the statute of limitations for putative members of a class applies both to intervenors in the class and individuals filing independent actions. *Id.* at 353-354. However, class members who file separate actions after class certification is denied must institute those actions "...within the time that remains on the limitations period." *Id.* at 346-347. Once the tolling period expires, individuals must file suit or intervene in an extant action <u>before expiration of the time remaining in their particular limitations periods</u>. *American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 553 (1974);

*Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1380-1381 (11th Cir. 1998). Plaintiffs Morris, Davis and Parrish neither moved to intervene nor filed individual actions within the time remaining after denial of the motion for class certification in *Foster, et al.*

### C.  The Applicable Statute of Limitations is Two Years

Plaintiffs allege, and defendants do not dispute, that the statute of limitations for actions brought under 42 U.S.C. § 1983 is two years from the date of the incident giving rise to the injury. (Complaint, paragraph 30). California law applies here because there is no federal statute of limitations applicable to Section 1983 claims, thereby authorizing to look to the law of the state where the claims arose "...to determine what the limitations period is, whether that period was tolled, and the effect of the tolling." *Chardon v. Soto*, 462 U.S. 650, 654 (1983). Under the relevant Puerto Rican law applicable in *Chardon*, filing a class action tolled the one-year statute for other putative class members, and allowed their one-year filing period to begin anew upon denial of class certification for lack of numerosity. *Id.* at 661-662.

That is not the case in California, which suspends the statute of limitations until denial of class certification, at which time the statute of limitation recommences running, leaving would-be litigants only whatever time remains within which to file. *See, e.g., Jolly v. Eli Lilly*, 44 Cal.3d 1103, 1118 - 1122 (1988). In *Chardon*, the Supreme Court explained how the "tolling effect" may differ depending on the applicable state law:

> This opinion uses the word "tolling" to mean that, during the relevant period, the statute of limitations ceases to run. "Tolling effect" refers to the method of calculating the amount of time available to file suit after tolling has ended. The statute of limitations might merely be suspended; if so, the plaintiff must file within the amount of time left in the limitations period. If the limitations period is renewed, then the plaintiff has the benefit of the new period as long as the original. It is also possible to establish a fixed period such as six months or one year during which the plaintiff may file suit, without regard to the length of the original limitations period or the amount of time left when tolling began.

1  *Chardon, supra* at 462 U.S. 652, n.1. Defendants calculated the deadlines for the three
2  subject plaintiffs based on the tolling effect mandated by California law, *i.e.,* suspension,
3  requiring they file within the period of time remaining once the suspension expires.

4  ### III.
5  ### CONCLUSION

6  For the reasons set forth above, Defendants respectfully request that this
7  motion be granted and the untimely claims of Plaintiffs Robert Davis, Yusef Morris and
8  Jamel Parrish be dismissed with prejudice pursuant to Rules 12(b)(6) and 41(b) of the
9  Federal Rules of Civil Procedure.

10 DATED: April 25, 2008

JOHN A. RUSSO, City Attorney
RANDOLPH W. HALL, Chief Assistant City Attorney
WILLIAM E. SIMMONS, Supervising Trial Attorney
ARLENE M. ROSEN, Senior Deputy City Attorney

By: _____
Attorneys for Defendants
CITY OF OAKLAND, et al.