1   JOHN A. RUSSO, Cit y Attorney - State Bar #129729
    RANDOLPH W. HALL, Chief Assistant City Attorney - State Bar #080142
2   WILLIAM E. SIMMONS, Supervising Trial Attorney - State Bar #121266
    ARLENE M. ROSEN, Senior Deputy City Attorney - State Bar #100160
3   One Frank H. Ogawa Plaza, 6th Floor
    Oakland, California  94612
4   Telephone:  (510) 238-6392              Facsimile:  (510) 238-6500
    25880/427419
5
    Attorneys for Defendants
6   City of Oakland, et al.

7   JOHN L. BURRIS, ESQ.
    BENJAMIN NISENBAUM, ESQ.
8   LAW OFFICES OF JOHN L. BURRIS
    Airport Corporate Centre
9   7677 Oakport Street, Suite 1120
    Oakland, California 94621
10  Telephone: (510) 839-5200              Facsimile: (510) 839-3882

11  MICHAEL J. HADDAD, ESQ.
    JULIA SHERWIN, ESQ.
12  HADDAD & SHERWIN
    505  Seventeenth Street
13  Oakland, California 94612
    Telephone: (510) 452-5500              Facsimile: (510) 452-5510
14
    Attorneys for Plaintiffs
15

16

17                    UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA

19  DARNELL FOSTER, et al.,              No. C 05-3110 MHP
            Plaintiffs,
20                                       JOINT CASE MANAGEMENT
                                         CONFERENCE STATEMENT
21          v.
                                         DATE:    May 5, 2008
22  CITY OF OAKLAND, et al.,             TIME:    3:00 p.m.
            Defendants.                  PLACE:   Courtroom 15, 18th Floor
23
    This Document Relates To:            Honorable Marylin Hall Patel
24

25  JAMES TAYLOR, et al.,                Case No. C 04-4843 MHP
            Plaintiffs,
26

v.
CITY OF OAKLAND, et al.,
        Defendants.

JIMMY RIDER, et al.,                           Case No. C 05-3204 MHP
        Plaintiffs,
        v.
CITY OF OAKLAND, et al.,
        Defendants.

TYRONE MOORE,                                  Case No. C 06-2426 MHP
        Plaintiff,
        v.
CITY OF OAKLAND, et al.,
        Defendants.

JEFFRIE MILLER, et al.,                        Case No. C 07-1773 MHP
        Plaintiffs,
        v.
CITY OF OAKLAND, et al.,
        Defendants.

DAVID WARD, et al.,                            Case No.  C 07-04179-MHP
        Plaintiffs,
        v.

CITY OF OAKLAND, et al.,

        Defendants.

JOHN SMITH, et al,                             Case No. C 07-06298-MHP
        Plaintiffs,
        v.

CITY OF OAKLAND, et al.

        Defendants

A.      __JOINT CASE MANAGEMENT STATEMENT UPDATE__

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

The above captioned case, <u>Smith v. City of Oakland</u>, No. C-07-6298 MHP, is the most recent lawsuit filed in a series of civil rights cases alleging unconstitutional public strip searches by the Oakland Police Department.  This and all of these Oakland strip search cases have been ordered related to <u>Taylor, et. al. v. City of Oakland</u>, No. C-04-4843 MHP.  The remaining related cases include: <u>Foster v. City of Oakland</u>, No. C 05-3110 MHP (including class action claims), <u>Rider v. City of Oakland, Officer B. Estrada, Officer William Bergeron, et. al.</u>, No. C-05-3204 MHP, <u>Moore v. City of Oakland</u>, No. C 06-2426 MHP, <u>Ward v. City of Oakland</u>, No. C-07-4179 MHP, and <u>Miller v. City of Oakland</u>, No. C-07-1773 MHP.  In total, there are thirty one (31) plaintiffs currently named in these related cases.  Additional claims for new plaintiffs will be filed soon.

At the previous case management conference held on April 7, 2008, this Court ordered: "Joint CMC statements with briefing on grouping of cases, possible referral to magistrate judge and proposed procedure to proceed on cases under statute of limitations…."

1.    THE PARTIES' PROPOSALS FOR FOCUSED DISCOVERY AND ADR
       PROCEDURES, INCLUDING CASE GROUPINGS AND INVOLVEMENT OF
       MAGISTRATE JUDGE

A.    <u>**Plaintiffs' Proposal**</u>.

*Damages Claims.*  Plaintiffs respectfully propose that these cases immediately be referred to a magistrate judge to begin meeting with all counsel to come up with workable groupings of claims, and to work with both sides to focus and limit discovery to that which is necessary to assess damages exposure and engage in meaningful settlement negotiations.  This process will likely take regular meetings between counsel and with the magistrate judge to prioritize and narrow issues, while keeping discovery and motion practice highly focused and tailored to what the parties need for settlement assessment rather than trial at this point.

It may be most beneficial to jointly come up with groupings of plaintiffs in this settlement context over time with the help of a magistrate judge. However, at this time, it appears to Plaintiffs' counsel that such groupings may include any of the following: (1) intrusiveness of search (i.e., degree of undress, touching, penetration, public humiliation, etc.); (2) commonality of defendant officers; (3) factors relating to pattern and practice, including location, officers, and patterns of conduct; (4) damages issues, including aggravated damages (likely related to intrusiveness of search); (5) any broad or recurring defenses Defendants contend apply to groups of cases. More cases with additional plaintiffs are likely to be filed over the next months.

**_Declaratory and Injunctive Relief Claims._** This Court has already granted Plaintiffs some declaratory relief in striking down the OPD's former and current strip search policies. Plaintiffs' injunctive relief claims remain to be adjudicated. Additionally, this Court's opinion and order partially granting Plaintiff's motion for partial summary judgment was based on a facial review of Defendants' written policies, and did not address Plaintiffs' claims that many highly improper strip searches are the result of a custom or culture within the police department that goes far beyond the written policies.

Plaintiffs therefore propose that the magistrate judge also work with the parties to devise a new lawful policy -- and importantly, an effective system of training and supervision -- to get to the root of the policies and customs that have led to these many strip search claims. As Plaintiffs' counsel, John Burris proposed to Chief Assistant City Attorney Randy Hall on or about April 9, 2008:

> As in previous cases with the City, we would like to be active participants with input into revisions made to the unconstitutional 2004 field strip search policy. Broadly, two areas of the policy should be addressed. One area is the standard upon which field strip searches may be conducted. The other area, given that the apparent

1  practice of field strip searches conducted by some Oakland police officers has been
2  clearly outside of existing departmental policy, is measures taken to help ensure
   compliance with an appropriate standard and method of conducting such strip
3  searches.

4  Through face to face discussions, with the guidance of a magistrate judge if necessary, the parties

5  should be able to agree on a system of training, supervision, and a written policy that will both meet

6  the OPD's legitimate needs and protect the constitutional rights and dignity of affected members of

7  the community.

8      ***Proposed Magistrate Judges.***  Plaintiffs' counsel believe that any of the following

9
10 magistrate judges would be effective in working with the parties to resolve these issues:

11     -  Judge Zimmerman (Plaintiffs' counsel has found him to be very knowledgeable with

12        issues involved in resolving civil rights cases);

13     -  Judge Chen (he was the discovery magistrate assigned to the strip search class action,

14        <u>Bull v. City and County of San Francisco</u>, No. C-03-1840 CRB and related cases, and he

15        is very knowledgeable about the law and issues involved herein);

16
17     -  Judge Brazil (while cognizant that Judge Brazil is supposed to be the magistrate for

18        cases assigned to the Oakland division, he is also highly experienced and skilled at

19        resolving civil rights cases, and this is a matter closely affecting the Oakland Police

20        Department and the Oakland community).

21

22 **B.      <u>Defendants' Proposal</u>.**

23
24 Although Defendants agree that referral of these cases to a magistrate judge for

25 organizational oversight may be appropriate in the future, immediate referral would be premature

26 and inappropriate until further discussion with and clarification from this Court about its ruling on

Plaintiffs' motion for summary judgment on March 27, 2008. The Oakland Police Department ("OPD") and its counsel are actively engaged in redrafting the 2004 policy, a copy of which is attached hereto. As this supersedes the 1998 policy, Defendants will not undertake retroactive revisions of it, as OPD's intention and practice was that medical professionals perform physical body cavity searches, notwithstanding the policy's silence on that subject. Obviously, any incidents that occurred before revision of the policy in May, 2004 that involve the portion deemed unconstitutional will be bound by the Court's order.

Defendants dispute Plaintiffs' contention that this Court "struck down" the existing policy and its predecessor, as only specific portions were found unconstitutional. This Court recognized that "…the constitutionality of an individual search…does not turn solely on the constitutionality of the policy pursuant to which it was performed," and that a particular search under a policy that is not supportable is not per se unconstitutional. Opinion, 20:3-6. As each one of these related cases is fact driven and requires an individual determination about whether the alleged search occurred as alleged and was unconstitutional, Plaintiffs' proposal that they should participate in reworking of the policy is unnecessary, as the Court has already addressed the policy deficiencies regarding the criteria for strip searches in the field.

Defendants also reject Plaintiffs' proposal that they be involved in devising "an effective system of training and supervision. First, Plaintiffs bear the burden of proving, and have yet to demonstrate, that a custom or culture of conducting unconstitutional strip searches in the field exists. As this is an issue of first impression, field strip searches have not been deemed unconstitutional per se, and the number of litigants is relatively modest, Plaintiffs' participation in devising a training and supervision policy is not premised on any demonstrable expertise, is not a

requisite remedy, and would not assist in fashioning a cognizable remedy.

**PROPOSED GROUPINGS**

Defendants propose the cases be grouped by levels of intrusiveness alleged:  (1) pulling of waistband and looking down pants; (2) removal and/or dropping of trousers; (3) removal/dropping of underwear; (4) swiping buttocks; (5) digital penetration of anus.

Defendants also propose that plaintiffs be grouped by parole/probation status, as many, if not most, parolees and probationers have search clauses.  These pose a unique issue, as they may be externally pat searched without a finding of probable cause to arrest.

Defendants dispute plaintiffs' suggestion that these claims should be grouped by location, officers who are involved in multiple claims, and/or damages.

**OTHER ISSUES:**

Defendants have been meeting regularly and will continue to address appropriate changes in training and supervision of field strip searches.  However, a number of issues remain unclear, key of which is the exigency requirement, as officers have reported repeated incidents in which arrestees have managed to ingest contraband secreted inside their pants even while in handcuffs and in the process of being transported to the jail.  In at least once instance, the arrestee died.  Another issue, as mentioned above, are the criteria for searching parolees and probationers following a search permitted on less than probable cause.

As these and other issues concern and in cases conflict with guidelines for officer and arrestee safety, Defendants would like to offer the Court a tutorial on police practices, and discuss issues related to arrests for contraband regularly presented to officers making drug-related arrests.

Plaintiffs will submit the proposed revisions to the 2004 OPD Strip Searches Incident to Arrest policy to their subject-matter experts for review.  Defendants contend that this undertaking is solely at Plaintiffs' discretion and expense, and object to the extent that it may delay and/or impede the Court's review and determination of the proposed revisions.

**PROPOSED MAGISTRATE JUDGES**

Defendants reject Plaintiffs' proposal for Magistrate Judge Zimmerman and Magistrate Judge Chen; the Court has already indicated, and Defendants concur, that Magistrate Judge Brazil would not be a suitable candidate.

Defendants propose Magistrate Judge Larson or Magistrate Judge Spero.

*Of the two Magistrate Judges proposed by the Defendants the Plaintiffs will accept Magistrate Judge Larson.*

**2.    THE PARTIES' PROPOSED BRIEFING SCHEDULE FOR A MOTION TO DISMISS CERTAIN PLAINTIFFS' CLAIMS BASED ON A STATUTE OF LIMITATIONS DEFENSE**

Defendants contend that the claims of Plaintiffs Robert Davis, Jamel Parrish, and Yusef Morris (all plaintiffs in <u>Smith</u>) are time barred by the statute of limitations.  Plaintiffs disagree, based on several grounds including that as members of the putative class named in the <u>Foster</u> First Amended Complaint (FAC), their claims relate back to the filing of the <u>Foster</u> FAC and are therefore timely.  Defendants' motion is set for hearing on June 2, 2008.

1

2

3    DATED:  April 28, 2008          OFFICE OF THE CITY ATTORNEY

4

5                                   By:/s/ Arlene M. Rosen_____
                                        ARLENE M. ROSEN
6                                       Attorneys for Defendants
                                        City of Oakland, et al.
7

8    DATED:  April 28, 2008          LAW OFFICES OF JOHN L. BURRIS

9

10                                  By:/s/ Benjamin Nisenbaum_____
                                        BENJAMIN NISENBAUM
11                                      Attorneys for Plaintiffs
                                        David Ward, et al.
12

13   DATED:  April 28, 2008          HADDAD & SHERWIN

14

15

16                                  By: /s/ Michael J. Haddad_____
                                        MICHAEL J. HADDAD
17                                      Attorneys for Plaintiffs
                                        David Ward, et al.
18

19

20

21

22

23

24

25

26