1  JOHN A. RUSSO, City Attorney - State Bar #129729
   RANDOLPH W. HALL, Chief Assistant City Attorney - State Bar #080142
2  WILLIAM E. SIMMONS, Supervising Trial Attorney - State Bar #121266
   ARLENE M. ROSEN, Senior Deputy City Attorney - State Bar #100160
3  One Frank H. Ogawa Plaza, 6th Floor
   Oakland, California  94612
4  Telephone:  (510) 238-6392        Fax:  (510) 238-6500
   X02705/447774
5

6  Attorneys for Defendants
   CITY OF OAKLAND, et al.
7

8

9
                        **UNITED STATES DISTRICT COURT**
10
                      **NORTHERN DISTRICT OF CALIFORNIA**
11

12  DARNELL FOSTER, RAFAEL DUARTE, and          Case No.  C-05-03110-MHP
    YANCIE YOUNG, each individually and on
13  behalf of all others similarly situated,     **DRAFT OF DEFENDANTS'**
                                                 **REVISIONS TO 2004 POLICY RE:**
14                  Plaintiffs,                  **STRIP SEARCHES INCIDENT TO**
                                                 **ARREST**
15       vs.

16  CITY OF OAKLAND, a municipal corporation;    DATE:    May 5, 2007
    RICHARD WORD, individually and in his official  TIME:    3:00 p.m.
17  capacity as Chief of Police for the CITY OF   PLACE:  Courtroom 15, 18th Floor
    OAKLAND; J. FESTAG, individually and in his
18  capacity as a police officer for the CITY OF
    OAKLAND; WILLIAM BERGERON #7828,
19  individually and in his capacity as a police officer
    for the CITY OF OAKLAND;  and,
20  DOES 1-25, inclusive,

21
                    Defendants.
22

23

24
            Defendant CITY OF OAKLAND submits herewith a draft of the Oakland Police
25
    Department's ("OPD") proposed revision of its 2004 policy regarding strip searches conducted
26

in the field:

**Strip Searches Incident To Arrest**

"Strip search" means a search that requires a person to remove or arrange some or all of his or her clothing so as to permit a visual inspection of the underwear, brassiere, breasts, buttocks, or genitalia of such a person.

A **strip search** in the field may only be conducted incident to an arrest and only when:

- there is probable cause to believe that the arrestee is concealing a weapon; **OR**

- there is probable cause to believe that the arrestee is concealing evidence or contraband;

**AND**

it is reasonable to believe an exigent circumstance requires the immediate recovery of the weapon, evidence, or contraband.

Warrantless strip searches *are not justified by the arrest itself.*  You must be able to articulate probable cause that the arrestee has concealed a weapon, contraband, or evidence and that the search cannot wait for the arrestee to be searched in the Jail.

Example 1:    The officer observes a man running in the street with a handgun.  The officer arrests the man and pat searches him, feeling an object consistent with a gun concealed in the crotch of the man's pants.  The officer has probable cause to believe the man is concealing a weapon and it is exigent that the gun be removed to protect the safety of the officer and others.  The officer is thus authorized to open the man's pants, visually inspect the crotch area, and upon discovery of the gun, reach into the pants and recover the gun.

Example 2:    The officer observes a man selling suspected heroin.  The officer observes the man recovering the suspected contraband from his underwear near his buttocks during the course of the sale. The officer arrests the man, handcuffs him and conducts a search incident to arrest.  During the course of that search, the officer feels an object

consistent in size with the suspected contraband he has observed the arrestee recover from the area of his buttocks.  The officer has probable cause to believe the man is secreting narcotics in his underwear and believes it is exigent to recover the narcotics before transporting him to jail because the man, although handcuffed, could easily recover and ingest the heroin, thereby placing himself at risk of serious harm or death.  The officer loosens the man's pants, pulls the waistband away from his body and uses a flashlight to illuminate the man's buttocks and genitals to visually inspect the area of the concealed suspected heroin.  The officer observes the suspected heroin and reaches into the man's underwear to recover it.

If you conduct a strip search of an arrestee in the field **ALL of the following requirements must be met:**

- You must have probable cause to believe the arrestee is hiding or concealing evidence, a weapon or contraband.

- You must believe an exigency requires the search be conducted before transporting the arrestee to jail because he may retrieve the weapon or evidence may be destroyed or ingested by the arrestee unless it is immediately recovered.

- You must be the same sex as the arrestee unless threat of serious harm to the officer, citizens, or the arrestee is imminent.

- You may not have physical contact with the arrestee except contact that is reasonably necessary to search for and recover items and to control or direct the arrestee.

- The search must be conducted so that it cannot be easily observed by members of the public.

  Since such a search is partly justified by an exigency to act, complete privacy may not be possible.  However, reasonable efforts must be made to provide as much privacy as possible

given the circumstances.

- You must <u>document the search and the need to conduct the search in the field</u> in the appropriate report.
- You must obtain the authority of a supervisor on duty.

**Physical and Visual Body Cavity Searches in the Field**

Officers shall *never* conduct physical body cavity searches (i.e., physical penetration of the rectum or vagina) or visual body cavity searches in the field.

"Body cavity" means the rectal cavity of a person, and vagina of a female person. The ear canals, nostrils, and throat are not body cavities.

"Visual body cavity" search means visual inspection of a body cavity (rectum or vagina).

"Physical body cavity" search means physical intrusion into a body cavity for purpose of discovering any object concealed in the body cavity.

A search warrant or an exigency is required for a physical body cavity search and can only be conducted by an authorized medical professional and only at a medical facility or other approved facility. Strip and visual body cavity searches may, depending on the circumstances, be conducted in conjunction with the booking and incarceration process (Penal Code § 4030).

**Comments By Defendants**

Defendants stress that the above is a draft only, and welcome input from the Court. Issues of particular concern relate to persons who are on probation or parole, as search clauses typically authorize external patdown searches without probable cause. Defendants seek further guidance

///

///

///

///

///

///

1    ///

2    from the Court so that the examples OPD provides to officers for training purposes illustrate

3    constitutional practices in compliance with policy and the law, and offer to provide the Court with a

4    tutorial of relevant police practices for its consideration.

5    DATED:  April 28, 2008

6

7                                    JOHN A. RUSSO, City Attorney
                                     RANDOLPH W. HALL, Chief Assistant City Attorney
8                                    WILLIAM E. SIMMONS, Supervising Trial Attorney
                                     ARLENE M. ROSEN, Senior Deputy City Attorney
9

10                        By: //s//_____
                                     ARLENE M. ROSEN
11                                   Attorneys for Defendant
                                     CITY OF OAKLAND
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26