JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile:   (510) 839-3882

MICHAEL J. HADDAD, Esq./ State Bar #189114
JULIA SHERWIN, Esq./ State Bar #189268
HADDAD & SHERWIN
505 Seventeenth Street
Oakland, CA 94612
Telephone: (510) 452-5500
Facsimile: (510) 452-5510

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN SMITH; ROBERT DAVIS; MEHERET ANETENEH; KIRBY BRADSHAW; SPENCER LUCAS; JAMEL PARRISH; YUSEF MORRIS; ELBERT OWENS; RAHEEM HILL; SHERMAN DUNN,

   Plaintiffs,

  vs.

CITY OF OAKLAND,  et al.,

   Defendants.

/

Case No.  C-07-06298 MHP

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CLAIMS OF PLAINTIFFS YUSEF MORRIS, ROBERT DAVIS AND JAMEL PARRISH**

   Plaintiffs Yusef Morris, Robert Davis, and Jamel Parrish, by and through their attorneys the LAW OFFICES OF JOHN L. BURRIS and HADDAD & SHERWIN, respond as follows:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## BRIEF FACTUAL BACKGROUND

As Defendants agree, at the time the First Amended Complaint raising class allegations was filed in <u>Foster, et al. v. City of Oakland, et al,</u> (No. C-05-3110 MHP), Plaintiffs Yusef Morris, Robert Davis, and Jamel Parrish were putative class members, and their individual claims arising from their strip searches each were within the two year statute of limitations.  Defendants also agree that pursuant to the rule set forth in <u>Crown, Cork & Seal v. Parker</u>, 462 U.S. 345 (1983), the filing of the class allegations in <u>Foster</u> tolled the claims of putative class members Morris, Davis, and Parrish.  Where the parties disagree is over the effect of this Court's denial of the <u>Foster</u> Plaintiffs' motion for class certification, *without prejudice*.

In denying Plaintiffs' initial attempt at class certification due solely to this court's finding that the class at that time lacked "numerosity," this Court wrote:

> …the court finds that plaintiffs have not satisfied the numerosity requirement at this time.
>
> Therefore, the court DENIES plaintiffs' motion for class certification without prejudice to their filing another such motion at a later time if plaintiffs can present evidence of a sufficiently large number of potential class members.

(Memorandum and Order re: Plaintiffs' Motion for Class Certification, <u>Foster</u> Dkt. No. 42, p 9.).  This Court noted, "As a general rule, classes numbering greater than forty-one individuals satisfy the numerosity requirement.  See 5 James Wm. Moore et al., Moore's Federal Practice § 23.22[1][b] (3d ed. 2004)."  <u>Id</u>., p. 8.

At the time the initial motion for class certification was filed, there were six identified Plaintiffs in the class,[1] and Defendants maintained that in addition to the 6 named Plaintiffs at that time, Defendants were aware of 11 others who had filed complaints alleging improper field strip searches with Internal Affairs or with the Citizens Police Review Board. (Defendants' Opposition to Plaintiffs' Motion for Class Certification, <u>Foster</u> Dkt. No. 35, p. 11). Since that time, this Court has related claims filed by an additional 25 Plaintiffs (including the three challenged herein), for a total of 31 named Plaintiffs and 11 more known putative class members.[2]

The number of Plaintiffs/putative class members has been inching upward, and as this Court advised, Plaintiffs will file another motion for class certification at the appropriate time.

## <u>ARGUMENT</u>

**A.     Plaintiffs' Claims Are Timely, Because Federal Rule of Civil Procedure 23 Tolls the Statute of Limitations for All Putative Class Members from the Filing of Class Action Claims and For As Long As the Suit is Allowed to Continue As a Class Action.**

In <u>Crown, Cork & Seal v. Parker</u>, 462 U.S. 345, 353-354 (1983), the Supreme Court held that "'the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the

---

[1] Darnell Foster, Rafael Duarte, Yancie Young (<u>Foster</u>, No. C-05-3110 MHP), Jimmy Rider (<u>Rider</u>, Case No. C-05-3204 MHP), James Taylor, and Robert Forbes (<u>Taylor</u>, Case No. C-04-4843 MHP).

[2] At this time, the cases related to <u>Taylor, et. al. v. City of Oakland</u>, No. C-04-4843 MHP are: <u>Foster v. City of Oakland</u>, No. C 05-3110 MHP (including class action claims), <u>Rider v. City of Oakland, Officer B. Estrada, Officer William Bergeron, et. al.</u>, No. C-05-3204 MHP, <u>Moore v. City of Oakland</u>, No. C 06-2426 MHP, <u>Ward v. City of Oakland</u>, No. C-07-4179 MHP, and <u>Miller v. City of Oakland</u>, No. C-07-1773 MHP, and <u>Smith v. City of Oakland</u>, C-07-06298 MHP.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

suit been **permitted to continue as a class action**,'" quoting, American Pipe and Contruction Co. v. Utah, 414 U.S. 538, 554 (1974) (emphasis added).

In Crown, the Court found that certain claims were untimely when the statute of limitations had run out after a motion for class certification was *fully and finally* denied on multiple grounds. Id.[3]  The present situation, where a motion for class certification is denied on limited and correctable grounds, without prejudice, was never addressed by Crown.  By denying Plaintiffs' initial motion for class certification without prejudice, the legal posture of the matter did not change – Plaintiffs and potential class members were in the same situation after the denial without prejudice as they were before.  This Court invited Plaintiffs to try again, and in doing so, "permitted [the case] to continue as a class action." Thus, the statutes of limitation for Plaintiffs Morris, Davis, and Parrish remain tolled.

The Tenth Circuit considered a similar question in Esplin v. Hirshi, 402 F.2d 94 (10th Cir. 1968), holding that where a denial of class certification was reversed on appeal after trial of individual cases, the eventual certification of the class resulted in tolling of all class members' claims through the initial denial of certification, trial, appeal, and final class certification.  402 F.2d at 101, n. 14.  The D.C. Circuit ruled similarly in Knable v. Wilson, 570 F.2d 957, 964, n. 46 (D.C. Cir. 1977) ("There seems to be no question but that upon reinstatement of the class action, all claims embraced therein would, for the purposes of the statute of limitations, relate back to the date on which that action was originally filed.  This would be so as to all members of the class, whether they relied upon the class action in

---

[3] In Crown, the motion for class certification was fully denied on grounds of typicality, commonality, and numerosity.  462 U.S. at 347-348.

forbearing institution of their own suits, or whether they intervened in the class action or in

any way announced their decision to join.").

Defendants will suffer no prejudice as a result of this tolling of claims for these three

Plaintiffs.  As the Court explained in American Pipe,

> The policies of ensuring essential fairness to defendants and of barring a
> plaintiff who "has slept on his rights," *Burnett v. New York Central R. Co., 380
> U.S. 424, 428*, are satisfied when, as here, a named plaintiff who is found  to
> be representative of a class commences a suit and thereby notifies the
> defendants not only of the substantive claims being brought against them, but
> also of the number and generic identities of the potential plaintiffs who may
> participate in the judgment.  Within the period set by the statute of limitations,
> the defendants have the essential information necessary to determine both
> the subject matter and size of the prospective litigation, whether the actual
> trial is conducted in the form of a class action, as a joint suit, or as a principal
> suit with additional intervenors.

414 U.S. at 554-555.

Defendants' motion to dismiss the claims of Plaintiffs Yusef Morris, Robert Davis,

and Jamel Parrish should therefore be denied.

**B.    Plaintiffs' Claims Are Also Timely Due to California's Liberal Doctrine of
Equitable Tolling.**

An *en banc* panel of the Ninth Circuit addressed California's liberal equitable tolling

doctrine in Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131 (9th Cir. 2001) (*en

banc*).  In a federal civil rights case, the Supreme Court has held that the court borrows both

the statute of limitations and any equitable tolling rules from state law.  241 F.3d at 1135.

"For more than twenty years, the standard for equitable tolling under California law

has been 'timely notice, and lack of prejudice, to the defendant, and reasonable and good

faith conduct on the part of the plaintiff.'"  Daviton, 241 F.3d at 1131 (citations omitted).

"Specifically, tolling is appropriate where the record shows '(1) timely notice to the

defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to

defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim.'" Id., at 1137-1138.   The Daviton Court noted California's emphasis on the second requirement -- lack of prejudice in evidence-gathering.  Id.

Expounding on the three elements for equitable tolling, the Daviton Court wrote that the first element, "timely notice, requires that plaintiff have filed the first claim within the statutory period. That claim must alert the defendant in the second claim of the need to begin investigating the facts which form the basis for the second claim."  241 F.3d at 1138 (citations omitted).  Here, the class allegations in Foster were filed within the limitations periods for Plaintiffs Morris, Davis, and Parrish.  Their claims as putative class members were clearly set forth at that time.  Defendants City of Oakland, et al., were given timely notice.

As to the second element, the Daviton Court wrote:

To satisfy the second requirement "the facts of the two claims [should] be identical or at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second." *Id.* at 925. They need not be absolutely identical:

So long as the two claims are based on essentially the same set of facts timely investigation of the first claim should put the defendant in position to appropriately defend the second. Once he is in that position the defendant is *adequately protected* from stale claims and deteriorated evidence. In terms of the underlying policies of the statutes of limitation, *it is irrelevant whether those two claims are alternative or parallel, consistent or inconsistent, compatible or incompatible.*

Id.  Here, the essential facts of the individual claims filed for Plaintiffs Morris, Davis, and Parrish are squarely within the class allegation and descriptions of putative classes set forth in the Foster First Amended Complaint.  The second requirement for equitable tolling is also met.

Finally, the third element, "good faith and reasonable conduct," generally is satisfied unless plaintiffs' counsel is shown to have acted in bad faith or made deliberate misrepresentations about whether the second claim would be filed.  Id.  Here, there has been no suggestion whatsoever of any bad faith on the part of Plaintiffs' counsel.

The Daviton court took note of California courts' liberal application of the equitable tolling rules:

> "the doctrine of equitable tolling rests upon the reasoning that a claim should not be barred 'unless the defendant would be unfairly prejudiced if the plaintiff were allowed to proceed.' " [ ]  The doctrine "focuses on the effect of the prior claim in warning the defendants in the subsequent claim of the need to prepare a defense." [ ] Upon satisfying the three-pronged test, a plaintiff should be relieved from the limitations bar.

241 F.3d at 1140 (citations omitted).

Defendants herein had plenty of notice and ability to prepare a defense to the claims of Plaintiffs Morris, Davis, and Parrish when the class allegations were filed within the limitations periods for those Plaintiffs.  As a further equitable consideration, the only reason that Plaintiffs were not able to identify more victims of Defendants' unconstitutional strip search practices at the time of the initial motion for class certification, was because Oakland police officers either do not report when they do a strip or body cavity search on the street, or officers do not report such events in a manner that is readily searchable by their attorneys.

Had Defendants kept readily searchable records of when officers conduct street strip and/or cavity searches, Plaintiffs very likely would have known the identities of enough putative class members to satisfy the numerosity requirement when the motion for class certification was denied without prejudice.  Defendants now seek to gain a tactical

advantage from their own cover-up of unconstitutional searches and/or record keeping failures.

The claims of Plaintiffs Morris, Davis, and Parrish are also tolled by the California doctrine of equitable tolling.

## **CONCLUSION**

For these reasons, Defendants' motion to dismiss the claims of Plaintiffs Morris, Davis, and Parrish should be denied.

Respectfully submitted,

Dated: May 14, 2008                    Haddad & Sherwin


_____/s/_____
Michael J. Haddad, Esq.
Attorney for Plaintiffs Morris,
Davis, Parrish and class members