JOHN A. RUSSO, City Attorney - State Bar #129729
RANDOLPH W. HALL, Chief Assistant City Attorney - State Bar #080142
WILLIAM E. SIMMONS, Supervising Trial Attorney - State Bar #121266
ARLENE M. ROSEN, Senior Deputy City Attorney - State Bar #100160
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 238-6392          Fax: (510) 238-6500
arosen@oaklandcityattorney.org
25818/450109

Attorneys for Defendants
CITY OF OAKLAND, et al.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SMITH; ROBERT DAVIS; MEHERET ANETENEH; KIRBY BRADSHAW; SPENCER LUCAS; JAMEL PARRISH; YUSEF MORRIS; ELBERT OWENS; RAHEEM HILL; SHERMAN DUNN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF OAKLAND, a municipal corporation; WAYNE TUCKER, in his capacity as Chief of Police for the CITY OF OAKLAND; J. KOSTER, individually and in his capacity as a police officer for the CITY OF OAKLAND; BROWN, individually and in his capacity as a police officer for the CITY OF OAKLAND; E. FRAZIER, individually and in his capacity as a police officer for the CITY OF OAKLAND; R. HOLTON, individually and in her capacity as a police officer for the CITY OF OAKLAND; MAYER, individually and in his capacity as a police officer for the CITY OF OAKLAND; T. BERGERON, individually and in his capacity as a police officer for the CITY OF OAKLAND; B. BURKE, individually and in his capacity as a police officer for the CITY OF OAKLAND; J. FOREMAN, individually and in his capacity | Case No. C-07-06298-MHP<br><br>**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CLAIMS OF PLAINTIFFS YUSEF MORRIS, ROBERT DAVIS AND JAMEL PARRISH**<br><br>DATE:    June 11, 2008<br>TIME:    2:30 p.m.<br>PLACE:   Courtroom 15, 18th Floor<br><br>Honorable Marilyn Hall Patel, Presiding |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11 | as a police officer for the CITY OF OAKLAND;<br>L. LEONIS, individually and in her capacity as a police officer for the CITY OF OAKLAND;<br>S. BOWLING, individually and in his capacity as a police officer for the CITY OF OAKLAND;<br>T. GODFREY, individually and in his capacity as a police officer for the CITY OF OAKLAND;<br>S. TITH, individually and in his capacity as a police officer for the CITY OF OAKLAND;<br>M. MARTINEZ, individually and in his capacity as a police officer for the CITY OF OAKLAND;<br>M. MILLER, individually and in his capacity as a police officer for the CITY OF OAKLAND;<br>C. JOHNSON, individually and in his capacity as a police officer for the CITY OF OAKLAND;<br>CRABTREE, individually and in his capacity as a police officer for the CITY OF OAKLAND; and, DOES 1-25, inclusive,<br><br>                    Defendants. |

### A. Plaintiffs Fail to Support their Claim that Denial of the Motion for Class Certification Without Prejudice Extends the Tolling Period

Plaintiffs Yusef Morris, Robert Davis and Jamel Parrish fail to proffer any cognizable legal authority supporting the contention their claims should not be deemed untimely and dismissed. They flagrantly disregard for the holding in *Crown, Cork & Seal v. Parker*, 462 U.S. 345 (1983), whose opening sentence states:

> "The question that confronts us in this case is whether the filing of a class action tolls the applicable statute of limitations, and thus permits all members of the putative class to file individual actions in the event that class certification is denied, <u>provided, of course, that those actions are instituted within the time that remains on the limitations period</u>."

*Id.* at 346-347 (emphasis added). Plaintiffs argue that denial of their motion for class certification without prejudice somehow compels rejection of this longstanding rule and prolongs the life of their untimely claims because they may yet meet the numerosity requirement. They are incorrect.

A denial without prejudice means only that the moving party is not barred from renewing a motion or claim, but does not guarantee that party will choose to do so or that the renewed motion will overcome past or new infirmities. Allowing tardy claimants to benefit from an uncertain and protracted tolling period as their claims languish while plaintiffs decide whether or not to re-file, or as in this case, try to sufficiently increase their numbers, unfairly places defendants in lawsuit limbo for an indefinite length of time.

B. **Curing the Lack of Numerosity Does Not Guarantee Class Certification**

Although plaintiffs may yet bolster their numbers to meet the numerosity requirement of F.R.C.P 23(a)(1), that eventuality is entirely uncertain and speculative. Plaintiffs filed the first of the subsequently related strip search cases, *James Taylor, et al. v. City of Oakland, et al,* consisting of two claims, on November 15, 2004. The next action, *Jimmy Rider v. City of Oakland, et al.*, was filed August 8, 2005, and *Darnell Foster, et al. v. City of Oakland, et al.*, consisting of three claims, was filed August 1, 2005, and amended to include a class allegation on September 22, 2005. In the <u>16 months</u> that elapsed between the filing of the "class" action in *Foster* and the hearing on the motion for class certification on January 22, 2007, only one more strip search lawsuit was filed -- on April 6, 2006 -- in *Tyrone Moore, et al. v. City of Oakland, et al.,* comprised of only two plaintiffs. As plaintiffs obviously contemplated moving for class certification at least since amending *Foster* in September, 2005, and presumably sought (or should have sought) members of the putative class before filing their motion, their failure to intervene or file individual suits in a timely fashion once the tolling of the statute of limitations expired is inexplicable.

By focusing solely on the numerosity requirement, plaintiffs overlook the fact they also must meet the remaining three criteria under Rule 23(a), as well as at least one of the criteria set forth in Rule 23(b), none of which required this Court's consideration in deciding the motion for class certification given the obvious lack of numerosity. As a

DEFENDANTS' REPLY MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS CLAIMS
OF PLAINTIFFS YUSEF MORRIS, ROBERT DAVIS
AND JAMEL PARRISH

3

C-07-06298-MHP

1  result, plaintiffs ignore the very real possibility they will not be able to meet the remaining
2  requirements of subsections (a) and (b). They also overlook the fact that in *American Pipe*
3  *and Construction Co. v. State of Utah*, 414 U.S. 538 (1974), the seminal case on the
4  tolling issue, the District Court denied class status solely due to lack of numerosity.
5  Whether that defect could have been cured did not enter the Supreme Court's analysis in
6  finding that where denial of class status is made on that basis, "...commencement of the
7  original class suit tolls the running of the statute for all purported members of the class
8  who make <u>timely</u> motions to intervene after the court has found the suit inappropriate for
9  class action status." *Id*. at 552-553. (Emphasis added).

**C.    Plaintiffs' Claims Are Dissimilar and the Defenses Are Not Uniform**

This Court's ruling on plaintiffs' motion for summary judgment acknowledges that "the test for the constitutionality of a strip search is reasonableness under the circumstances," (Opinion of 3/27/08, 19:16-17), and that the constitutionality of a particular search is dependent on the facts of the particular case, not on the constitutionality of the policy upon which an individual officer may rely. (*Id.* at 20:9-14).

Therefore, even if plaintiffs sufficiently increase their numbers to establish numerosity, the fact-dependent analyses of reasonableness (not to mention the disparity in the claimed levels of intrusiveness that would affect damages and the potentially different applications of qualified immunity), cast doubt on their ability to meet the commonality and typicality requirements. All of these issues thus raise serious questions about the economy and effectiveness of proceeding as a class. The speculation and uncertainty surrounding plaintiffs' renewed motion for class certification argue against their contention that the denial "without prejudice" compels a continued tolling of the statute of limitations for individuals who have already received the benefit of the tolling before filing individual actions. Holding these actions "relate back" to the initial filing date of the class action would violate the unequivocally articulated rule in *Crown, Cork and Seal* and would

prejudice defendants.

Plaintiffs' reliance on *Esplin v. Hirshi*, 402 F.2d 94 (10th Cir. 1968) and *Knable v. Wilson,* 570 F.2d 957, 964, n.46 (D.C. Cir 1977), both out-of-circuit decisions, is misplaced. In *Esplin*, the Tenth Circuit reversed the district court's denial of class action certification in a securities fraud suit brought by more than 200 purchasers on several grounds, including commonality of issues. Its comment on the statute of limitations, referenced by plaintiffs, is that "…the rights of all class members are to be determined as if the class action had been allowed instead of being incorrectly terminated… " *Esplin v. Hirschi, supra* at 402 F.2d 101, n.14. There, the large number of plaintiffs prompted the court to closely examine the other bases for denial of class status, which it found erroneous. That is not the case here, where the number of plaintiffs was so small that other criteria did not warrant examination.

As for *Knable, supra* at 570 F.2d 964, plaintiffs correctly state that for purposes of the statute of limitations, all claims would relate back to the date on which the action was originally filed upon reinstatement of the class. However, plaintiffs overlook that court's comment that "[b]eyond the possible bar of the statute of limitations, we cannot assess the effect of the denial of class certification upon the unnamed plaintiffs' incentive to maintain individual suits." *Id.* at 963, n.41. Although represented by the same attorneys as the plaintiffs in *Foster,* the class action already on file, the three plaintiffs who are the subject of this motion to dismiss did not seek to intervene, but rather, filed separate actions. In choosing that course after denial of class certification, they were obliged to do so within the time period allotted them, having already received credit for the tolled period.

Moreover, the Ninth Circuit has held that both *Esplin* and *Knable* are relevant only in cases involving reversal of an order denying class certification, which has not occurred here. *See, e.g., Immigrant Assistance Project of the Los Angeles County*

DEFENDANTS' REPLY MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS CLAIMS
OF PLAINTIFFS YUSEF MORRIS, ROBERT DAVIS
AND JAMEL PARRISH

5

C-07-06298-MHP

*Federation of Labor v. Immigration and Naturalization Service*, 306 F.3d 842, 857, n. 13 (9th Cir. 2002). That case held that the claims of plaintiffs in a second amended complaint related back to the date of the initial complaint, thereby circumventing the statute of limitations. It clearly distinguished that scenario from cases involving newly filed actions or motions to intervene as plaintiffs in a pending action, as set forth in *Crown, Cork & Seal Co. v. Parker, supra*, and *Tosti v. City of Los Angeles*, 754 F.2d 1485, 1488 (9th Cir. 1985), both of which confirm that the tolled statute recommences from the date certification is denied.

### D. The Doctrine of Equitable Tolling Does Not Apply Here

Plaintiffs incorrectly assert the doctrine of equitable tolling, as discussed in *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001), applies to these three plaintiffs. Equitable tolling may apply when three key elements are present:

(1) <u>Timely notice to defendant</u>. This requires a plaintiff to file the first claim within the statutory period. Here, unlike *Daviton*, in which the plaintiffs timely filed an administrative complaint that notified defendants of their substantive claims, plaintiffs Morris, Davis and Parrish filed nothing with the City or the individual defendants to notify them of their specific, discrete claims before filing the instant lawsuit.

(2) <u>The facts of the two claims are identical or at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second</u>. *Id.* at 1138, citing *Collier v. City of Pasadena*, 142 Cal.App.3d 917, 925. Plaintiffs argue that filing of the class action in *Foster, et al.* supplied the requisite notice, thereby overcoming any claimed prejudice to defendants. However, the plaintiffs and the incidents about which they complain are entirely different. The only common thread is that the defendant officers allegedly conducted themselves pursuant to a constitutionally infirm policy. The operative facts concerning each claim are dissimilar and require separate investigations. "Typically, both claims name the same defendant." *Id. at 1138.*

DEFENDANTS' REPLY MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS CLAIMS
OF PLAINTIFFS YUSEF MORRIS, ROBERT DAVIS
AND JAMEL PARRISH

6

C-07-06298-MHP

Although the City of Oakland is named in all the actions, the individual officers are not. To satisfy this second requirement, the facts of the two claims should be identical or sufficiently similar that the defendant's investigation of the first will put him in a position to fairly defend the second. *Id.* Only then is the defendant adequately protected from stale claims and deteriorated evidence. *Id.*

    (3) <u>Good faith</u> on the part of plaintiffs. *Id.* Plaintiffs' causes of action accrued on the dates of the respective incidents about which they complain. They clearly benefited from the tolling during the pendency of the class action, at which point the tolling expired and whatever time each of them had left on their filing periods dictated their respective filing deadlines. To assert that the "class action" allegation in the *Foster* action continues to toll the statute after the court has entertained and denied a motion for class certification derogates Rule 23 and this Court's findings and is unsupported by any legal authority. Asserting plaintiffs' dilatory conduct does not prejudice defendants is self-serving rhetoric.

    "[T]"he equitable tolling doctrine requires that the same wrong serve as the predicate for the earlier and later proceedings to make sure defendant received proper notice." *Daviton, supra* at 1141. Here, although the same policy underscores plaintiffs' claims, the incidents are discrete and neither the policy nor the individual's constitutional rights was presumptively abrogated in each case.

    Additionally, plaintiffs' claim that defendants "had plenty of notice and ability to prepare a defense to the claims of Plaintiffs Morris, Davis, and Parrish when the class allegations were filed…" is not supported by *Daviton*'s clear requirement of identical or nearly identical facts. Their claim that "…Plaintiffs were not able to identify more victims of…unconstitutional strip search practices at the time of the initial motion for class certification…because Oakland police officers do not report such searches or events "…in a manner that is readily searchable by their attorneys" is preposterous. Certainly

individuals who are subjected to the allegedly egregious searches of which they complain are sufficiently aware of their injuries to come forward with their claims with or without police reports. Plaintiffs audaciously blame defendants for their own lack of diligence without offering any explanation about why they waited eleven months after denial of class certification to file their claims.

## CONCLUSION

For the reasons set forth above and in their opening memorandum, defendants respectively request this Court dismiss the claims of Plaintiffs Yusef Morris, Robert Davis and Jamel Parrish with prejudice and enter judgment in favor of defendants.

DATED: May 27, 2008

JOHN A. RUSSO, City Attorney
RANDOLPH W. HALL, Chief Assistant City Attorney
WILLIAM E. SIMMONS, Supervising Trial Attorney
ARLENE M. ROSEN, Senior Deputy City Attorney

By: _____
Attorneys for Defendants
City of Oakland, et al.

DEFENDANTS' REPLY MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS CLAIMS
OF PLAINTIFFS YUSEF MORRIS, ROBERT DAVIS
AND JAMEL PARRISH

8

C-07-06298-MHP