United States District Court

For the Northern District of California

1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                       NORTHERN DISTRICT OF CALIFORNIA

8

9   JOHN SMITH, et al.,                              No. C 07-06298 MHP

              Plaintiffs,

10                                                   **OPINION**

      v.
11                                                   **Re: Defendants' Motion to Dismiss Claims**
    CITY OF OAKLAND, et al.,                         **by Morris, Davis and Parrish**
12
              Defendants.
13   _____/

14

15        On December 12, 2007 multiple plaintiffs, including Yusef Morris, Robert Davis and Jamel

16  Parrish, brought this action against defendant City of Oakland and others (collectively "defendants")

17  alleging violations of their civil rights under 42 U.S.C. section 1983 for being subjected to strip

18  searches by various Oakland Police Department police officers.  On April 25, 2008 defendants

19  moved to dismiss certain claims brought by Morris, Davis and Parrish because the statute of

20  limitations with respect to those claims has allegedly expired.  Having considered the parties'

21  arguments fully and for the reasons stated below, the court rules as follows.

22

23  BACKGROUND

24        Plaintiffs' complaint alleges that they are putative members of a class alleged in Foster, et al.

25  v. City of Oakland, et al., No. C 05-03110 MHP.  Consequently, they claim the applicable statute of

26  limitations is tolled due to the Foster action.  See Complaint, ¶ 30.  The instant case was related to

27  Foster on March 19, 2008.

28

United States District Court

For the Northern District of California

1    Foster was filed on August 1, 2005 and amended on September 22, 2005 to include class

2  allegations.  See Def's. Request of Judicial Notice, Exhs. 1, 2.[1]  A motion for class certification in

3  Foster sought certification of three sub-classes:

4         1) individuals subjected to a strip search and/or visual body-cavity search in public by
          Oakland Police officers from August 1, 2003 to present and until this matter is
5         adjudicated; 2) individuals subjected to a physical body-cavity search in public by
          Oakland Police officers from August 1, 2003 to present and until this matter is
6         adjudicated; 3) individuals, based in part on their race and/or national origin,
          subjected to a strip search, visual or physical body-cavity search in public by Oakland
7         Police officers from August 1, 2003 to the present and until this matter is adjudicated.

8  Id., Exh. 3 at 7.  In its denial order issued January 29, 2007, this court discussed only the numerosity

9  requirement of class certification and explicitly held that it "finds that plaintiffs have not satisfied

10  the numerosity requirement *at this time*."  Id. at 9 (emphasis added).  The court went on state:

11         Therefore, the court DENIES plaintiffs' motion for class certification without
           prejudice to their filing another such motion at a later time if plaintiffs can present
12         evidence of a sufficiently large number of potential class members.

13  Id.

14        There is no argument that the claims at issue here were brought by putative class members of

15  the class alleged in Foster and that the applicable statute of limitations under California law is two

16  years.

17

18  LEGAL STANDARD

19        A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal

20  sufficiency of a claim."  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  Because Rule

21  12(b)(6) focuses on the "sufficiency" of a claim—and not the claim's substantive merits—"a court

22  may [typically] look only at the face of the complaint to decide a motion to dismiss."  Van Buskirk

23  v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002).  Although the court is generally

24  confined to consideration of the allegations in the pleadings, when the complaint is accompanied by

25  attached documents, such documents are deemed part of the complaint and may be considered in

26  evaluating the merits of a Rule 12(b)(6) motion.  Durning v. First Boston Corp., 815 F.2d 1265,

27  1267 (9th Cir. 1987).

28

2

**United States District Court**

For the Northern District of California

1      A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a

2  claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974

3  (2007).  Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient

4  facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

5  (9th Cir. 1990).  Allegations of material fact are taken as true and construed in the light most

6  favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir.

7  1996).  The court need not, however, accept as true allegations that are conclusory, legal

8  conclusions, unwarranted deductions of fact or unreasonable inferences. See Sprewell v. Golden

9  State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Clegg v. Cult Awareness Network, 18 F.3d 752,

10  754–55 (9th Cir. 1994).

11

12  DISCUSSION

13      In 1974, the Supreme Court stated:

14      We hold that . . . where class action status has been denied solely because of failure to
        demonstrate that 'the class is so numerous that joinder of all members is
15      impracticable,' the commencement of the original class suit tolls the running of the
        statute for all purported members of the class who make timely *motions to intervene*
16      *after the court has found the suit inappropriate for class action status*.

17  American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974) (emphasis added).  This decision

18  stated that the tolling applies *until* the court finds the "suit inappropriate for class action status."

19  However, it left open the question of whether the statute of limitations is tolled with respect to

20  putative class members who file individual actions.

21      Nine years later, the Supreme Court clarified.  In Crown, Cork & Seal v. Parker, 462 U.S.

22  345, 346–47 (1983), the Court held that "'the commencement of a class action suspends the

23  applicable statute of limitations as to *all asserted members of the class* who would have been parties

24  *had the suit been permitted to continue as a class action*.'" (quoting American Pipe, 414 U.S. at

25  554) (emphases added).  Again, the court stated that tolling applies *as long as* the suit is permitted to

26  continue as a class action.  In Crown, there was no question that the class certification motion had

27  been fully and finally denied.  462 U.S. at 347 ("The [district] court ruled that the named plaintiffs'

28  claims were not typical of those of the class, that the named plaintiffs would not be adequate

3

United States District Court

For the Northern District of California

1  representatives, and that the class was not so numerous as to make joinder impracticable.

2  Thereafter, the [purported class action] *proceeded as an individual action* on behalf of the named

3  plaintiffs." (emphasis added)). Thus, it is clear that if the action proceeds as an individual action

4  after the class certification is denied, the statute of limitations is no longer tolled. However, the

5  Court has provided no guidance as the effect of a denial without prejudice of a motion for class

6  certification.

7          The same year, in Chardon v. Soto, 462 U.S. 650, 654 (1983), the Supreme Court held that

8  state law applies in section 1983 actions "to determine what the limitations period is, whether that

9  period was tolled, and the effect of the tolling." The Court stated:

10             This opinion uses the word 'tolling' to mean that, during the relevant period, the
               statute of limitations ceases to run. 'Tolling effect' refers to the method of
11             calculating the amount of time available to file suit after tolling has ended. The
               statute of limitations might merely be suspended; if so, the plaintiff must file within
12             the amount of time left in the limitations period. If the limitations period is renewed,
               then the plaintiff has the benefit of a new period as long as the original. It is also
13             possible to establish a fixed period such as six months or one year during which the
               plaintiff may file suit, without regard to the length of the original limitations period or
14             the amount of time left when tolling began.

15  Id. at 652 n.1. The applicable state law in Chardon renewed the statute of limitations upon a denial

16  of class certification and the same was adopted by the Court. There is no dispute that in California,

17  the applicable two-year statute of limitations is suspended upon filing of a putative class action. The

18  dispute centers around whether a denial of class certification without prejudice recommences the

19  statute of limitations. In essence, the question here is whether the tolling stopped on January 29,

20  2007—when the motion to certify class was denied without prejudice—or whether the statute of

21  limitations is tolled as long as the suit is allowed to continue as a class action.[2]

22          Denial of the initial motion for class certification in Foster did not change the legal posture of

23  this action. To wit, plaintiffs and potential class members were in the same situation after the denial

24  without prejudice as they were before. Since plaintiffs may renew their motion to certify the class,

25  and indeed this court specifically contemplated that in its holding, the action currently continues as a

26  putative class action. Consequently, this court holds that while the Supreme Court did not discuss

27  this specific situation in Crown, the holding of Crown is not to be read so narrowly as to resume the

28  statute of limitations upon an interim and non-final denial of class certification.

4

United States District Court

For the Northern District of California

1    This rule comports with the Supreme Court's rationale in tolling the statute of limitations in

2 the first instance.  The Court has recognized

3    that unless the statute of limitations was tolled by the filing of the class action, class
     members would not be able to rely on the existence of the suit to protect their rights.
4    Only by intervening or taking other action prior to the running of the statute of
     limitations would they be able to ensure that their rights would not be lost in the event
5    that class certification was denied.

6 Crown, 462 U.S. at 350.  A contrary rule here would undercut the principal purposes of the class

7 action procedure: promotion of efficiency and economy of litigation.  A contrary rule would require

8 that putative class members file suit as soon as an interim order is issued in order to protect their

9 rights.  Putative class members would not, and could not, wait until a class action was denied *with*

10 prejudice.  However, if the class is certified later, all those filings would have been for naught,

11 thereby undercutting the efficiency and economy gains garnered through the class action procedure.

12 Indeed, much of the inefficiencies complained of in Crown would ensue if the statute of limitations

13 commenced running after *any interim* denial of class certification, not just a final denial.

14    Furthermore, under Supreme Court precedent, the statute of limitations is tolled when the

15 putative class action is *filed*, not when plaintiffs move to certify the class.  The time of filing is when

16 putative class members have notice that their claims are being brought forward.  Consequently,

17 putative class members do not know that their claims are *not* being brought forth by the putative

18 class until the action ceases to continue as a class action.  Thus, the statute of limitations can only

19 resume running from the day the action proceeds as an individual action.

20    Defendants claim that the denial without prejudice does not guarantee that a renewed motion

21 for class certification will be made or that it will be granted.  This is correct.  However, the same

22 issues exist when a putative class action is initially filed.  Indeed, after filing a putative class action,

23 a plaintiff may decide never to file for class certification or attempt to delay the litigation in order to

24 try to meet the requirements for class certification.  Nevertheless, the Supreme Court has tolled the

25 statute of limitations upon filing of a putative class action, thus making this argument unpersuasive.

26 In addition, this court in its order denying class certification without prejudice specifically provided

27 for a subsequent filing if numerosity could be met.

28

5

United States District Court
For the Northern District of California

1   Defendants also claim that this rule will allow "tardy claimants to benefit from an uncertain

2   and protracted tolling period as their claims languish while plaintiffs decide whether or not to re-file,

3   or as in this case, try to sufficiently increase their numbers, unfairly places defendants in lawsuit

4   limbo for an indefinite period of time."  Reply at 3.  This argument is without merit for the reasons

5   set forth above and also due to an independent reason.[3]  In the case of undue delay by plaintiffs,

6   defendants may ask the district court to set forth a schedule that requires plaintiffs to renew their

7   motion for class certification within a specified period of time.  This form of case management,

8   which is entirely within the district court's discretion, would eliminate any possibility of indefinite

9   limbo or prejudice.  See Aguilera v. Pirelli Armstrong Tire Corp., 223 F.3d 1010, 1019 (9th Cir.

10   2000) (finding that "whatever tolling applied, it ceased once the deadline for seeking class

11   certification passed").

12   Applying the above rule to the facts here, the court finds that the applicable statute of

13   limitations is still tolled due to the putative class action complaint filed in Foster.  The Foster class

14   allegations were filed on September 22, 2005 and it continues as a purported class action to this day.

15   Morris' incident occurred on October 3, 2003, which leaves him eleven days after a denial of the

16   class action to file suit.  Davis' first incident occurred early to mid-2004, and using an incident date

17   of June 30, 2004, leaves him nine months and eight days after a denial of the class action to file suit.

18   Finally, Parrish's incident occurred on January 7, 2004, which leaves him three months and fifteen

19   days after the denial of the class action to file suit.  Since there is no argument that the claims at

20   issue here were untimely as of the date the class allegations in Foster were made, the court finds the

21   claims at issue here to be timely.[4]

22

23   CONCLUSION

24   For the foregoing reasons, defendants' motion to dismiss is DENIED.

25   IT IS SO ORDERED.

26

Dated: June 12, 2008

27   MARILYN HALL PATEL
United States District Court Judge

28   Northern District of California

6

**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ENDNOTES**

1.      Pursuant to Federal Rule of Evidence 201, the court hereby takes judicial notice of all three exhibits attached to defendants' request for judicial notice.

2.      It is unclear to the court why parties argue the merits of a potential renewed motion to certify a class. That issue is not before the court at this time.

3.      If plaintiffs delay in bringing their *initial* motion for class certification, defendants do not have to wait for plaintiffs. Specifically, before a plaintiff moves for class certification, "a defendant may 'test the propriety of the action' by a motion for denial of class certification." Parker v. Time Warner Entertainment Co., L.P., 198 F.R.D. 374, 376–77 (E.D.N.Y. 2001), vacated and remanded on other grounds, 331 F.3d 13. Indeed, defendants are not prejudiced because even where a defendant moves for denial of class certification before the plaintiff seeks  certification, the burden of establishing the propriety of a class action remains with the plaintiff. Id.

4.      Due to the court's holding, it does not reach the parties' argument on whether equitable tolling applies in this situation.