JOHN A. RUSSO, City Attorney - State Bar #129729
RANDOLPH W. HALL, Chief Assistant City Attorney - State Bar #080142
WILLIAM E. SIMMONS, Supervising Trial Attorney - State Bar #121266
ARLENE M. ROSEN, Senior Deputy City Attorney - State Bar #100160
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 238-6392          Fax: (510) 238-6500
arosen@oaklandcityattorney.org
25818/453785

Attorneys for Defendants
CITY OF OAKLAND, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SMITH; ROBERT DAVIS; MEHERET ANETENEH; KIRBY BRADSHAW; SPENCER LUCAS; JAMEL PARRISH; YUSEF MORRIS; ELBERT OWENS; RAHEEM HILL; SHERMAN DUNN, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF OAKLAND, a municipal corporation; WAYNE TUCKER, in his capacity as Chief of Police for the CITY OF OAKLAND; J. KOSTER, individually and in his capacity as a police officer for the CITY OF OAKLAND; BROWN, individually and in his capacity as a police officer for the CITY OF OAKLAND; E. FRAZIER, individually and in his capacity as a police officer for the CITY OF OAKLAND; R. HOLTON, individually and in her capacity as a police officer for the CITY OF OAKLAND; MAYER, individually and in his capacity as a police officer for the CITY OF OAKLAND; T. BERGERON, individually and in his capacity as a police officer for the CITY OF OAKLAND; B. BURKE, individually and in his capacity as a police officer for the CITY OF OAKLAND; J. FOREMAN, individually and in his capacity | Case No. C-07-06298-MHP <br><br> **ANSWER TO COMPLAINT** |

as a police officer for the CITY OF OAKLAND;
L. LEONIS, individually and in her capacity as a police officer for the CITY OF OAKLAND;
S. BOWLING, individually and in his capacity as a police officer for the CITY OF OAKLAND;
T. GODFREY, individually and in his capacity as a police officer for the CITY OF OAKLAND;
S. TITH, individually and in his capacity as a police officer for the CITY OF OAKLAND;
M. MARTINEZ, individually and in his capacity as a police officer for the CITY OF OAKLAND;
M. MILLER, individually and in his capacity as a police officer for the CITY OF OAKLAND;
C. JOHNSON, individually and in his capacity as a police officer for the CITY OF OAKLAND;
CRABTREE, individually and in his capacity as a police officer for the CITY OF OAKLAND;
and, DOES 1-25, inclusive,

Defendants.

Defendants CITY OF OAKLAND, et al. ("Defendants") hereby answer, object, and otherwise respond to the Complaint on file herein as follows:

## JURISDICTION

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and on that basis, deny each and every allegation contained therein.

## PARTIES

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11 of the Complaint and on that basis, deny each and every allegation contained therein.

3. Defendants admit the allegations set forth in Paragraph [sic] 9 regarding the City of Oakland.

4. Defendants deny each and every allegation set forth in Paragraph 10.

5. Defendants admit that the officers named in Paragraphs 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27 are being sued individually and in their official capacities, respectively, as police officers for the City of Oakland. Defendants lack information or belief sufficient to enable them to answer the remaining allegations set forth in Paragraphs 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27 and based on this lack of information and belief deny each and every remaining allegation set forth therein.

6. Defendants lack information or belief sufficient to enable them to answer Paragraphs 28, 29, and 30 and based on this lack of information and belief, deny each and every allegation contained therein.

**ALLEGATIONS REGARDING PLAINTIFF JOHN SMITH**

7. Defendants deny each and every allegation regarding plaintiff "John Smith" set forth in Paragraphs 31, 32, 33, 34, 35, 36, 37, 38, 39 40, 41, and 42. Defendants lack information or belief sufficient to enable them to answer the remaining allegations set forth in paragraph 31 and based on this lack of information or belief deny each and every remaining allegation contained therein.

8. Defendants lack information or belief sufficient to enable them to answer the allegations set forth in Paragraph 32 and based on this lack of information or belief deny each allegation contained therein.

9. Defendants admit that Officers Koster and Brown are male police officers. Defendants deny each and every remaining allegation set forth in Paragraph 33.

10. Defendants deny the allegations set forth in Paragraph 34.

11. Defendants lack information or belief sufficient to enable them to answer the allegations set forth in Paragraph 35 and based on this lack of information and belief deny each and every allegation contained therein.

1       12.    Defendants deny the allegations set forth in Paragraph 36.

2       13.    Defendants lack information or belief sufficient to enable them to answer the allegations set forth in Paragraph 37 and based on this lack of information and belief deny each and every allegation contained therein.

14.    Defendants deny the allegations set forth in Paragraph 38.

15.    Defendants lack information or belief sufficient to enable them to answer the allegations set forth in Paragraphs 39, 40, and 41, and based on this lack of information and belief deny each and every allegation contained therein.

16.    Defendants deny the allegations set forth in Paragraph 42.

**ALLEGATIONS REGARDING PLAINTIFF ROBERT DAVIS**

17.    Defendants lack information or belief sufficient to enable them to answer the allegations set forth in Paragraphs 43, 44, 45, 46, 47, 48, 49, 50, 51, 52 and 53 and based on this lack of information and belief deny each and every allegation contained therein.

**ALLEGATIONS REGARDING PLAINTIFF MEHERET ANETENEH**

18.    Defendants lack information or belief sufficient to enable them to answer the allegations set forth in Paragraphs 54, 55, 56, 56, 57 and 58 and based on this lack of information and belief deny each and every allegation contained therein.

**ALLEGATIONS REGARDING PLAINTIFFS
KIRBY BRADSHAW AND SPENCER LUCAS**

19.    Defendants admit that on December 15, 2005 at about 8:00 a.m. Plaintiffs Kirby Bradshaw and Spencer Lucas and at least one other passenger were in a Cadillac near the intersection of 32nd Street and another street in Oakland, California. Defendants further admit that OPD Officer Mayer and at least one parole agent and/or Oakland Police officer contacted the occupants of said vehicle. Defendants lack information or belief sufficient to enable them to answer the remaining allegations set forth

1  in Paragraph 59 and based on this lack of information and belief deny each and every
2  allegation contained therein.
3        20.    Defendants admit the allegations contained in Paragraphs 60 and 61.
4        21.    Defendants deny the allegations set forth in Paragraph 62.
5        22.    Defendants admit that Agent Nakamura was present during the
6  alleged pat search of Plaintiff Lucas. Defendants lack information or belief sufficient to
7  enable them to answer the allegations that Lucas' parole agent told Agent Nakamura that
8  Lucas had been doing "fine" on parole. Defendants deny the remaining allegations set
9  forth in Paragraph 63.
10       23.    Defendants admit the allegations in Paragraph 64 that Plaintiff Kirby
11 Bradshaw and a third person were passengers in the Cadillac at the time of the alleged
12 stop. Defendants deny each and every remaining allegation set forth in Paragraph 64.
13       24.    Defendants deny the allegations set forth in Paragraphs 65 and 66.

**ALLEGATIONS REGARDING PLAINTIFF JAMEL PARRISH**

15       25.    Defendants lack information or belief sufficient to enable them to
16 answer the allegations set forth in Paragraphs 67, 68, 69 and 70 and based on this lack of
17 information and belief deny each and every allegation contained therein.

**ALLEGATIONS REGARDING PLAINTIFF YUSEF MORRIS**

19       26.    Defendants lack information or belief sufficient to enable them to
20 answer the allegations set forth in Paragraphs 71, 72 and 74 and based on this lack of
21 information and belief deny each and every allegation set forth therein.
22       27.    Defendants deny the allegations set forth in Paragraph 73.
23 ///
24 ///
25 ///
26 ///

**ALLEGATIONS REGARDING PLAINTIFF ELBERT OWENS**

28. Defendants lack information or belief sufficient to enable them to answer the allegations set forth in Paragraphs 75, 76 and 77 and based on this lack of information and belief deny each and every allegation set forth therein.

29. Defendants admit that on August 19, 2006, Officer T. Godfrey detained and searched Plaintiff Elbert Owens in the 3100 block of West Street in Oakland, California, that Plaintiff Owens was on probation, and that the search was consistent with the terms of his probation. Defendants further admit that Officer Godfrey recovered one suspected crack pipe from his right front pocket and one from his right sock. Defendants deny each remaining allegation set forth in Paragraph 78.

30. Defendants deny the allegations set forth in Paragraphs 79, 80 and 81.

**ALLEGATIONS REGARDING PLAINTIFF RAHEEM HILL**

31. Defendants lack information or belief sufficient to enable them to answer the allegations set forth in Paragraphs 82, 83, 84 and 87 and based on this lack of information and belief deny each and every allegation contained therein.

32. Defendants deny the allegations set forth in Paragraphs 85, 86, and 88.

**ALLEGATIONS REGARDING PLAINTIFF SHERMAN DUNN**

33. Defendants admit that on or about June 27, 2006, Officer M. Miller detained Plaintiff Sherman Dunn on Mead Street in Oakland, California and that Plaintiff Dunn fled from the scene. Defendants lack information or belief sufficient to enable them to answer the remaining allegations set forth in Paragraph 89 and based on this lack of information and belief deny each and every remaining allegation set forth therein.

34. Defendants admit that Plaintiff Dunn ran into an auto-body shop located at 2565 West Street and hid in a room at that address. Defendants lack

information or belief sufficient to enable them to answer the remaining allegations set forth in Paragraph 90 and based on this lack of information and belief deny each and every remaining allegation set forth therein.

35.  Defendants deny the allegations set forth in Paragraph 91.

36.  Defendants admit that officers transported Plaintiff to jail following his arrest. Defendant lack information or belief sufficient to enable them to answer the remaining allegations set forth in Paragraph 92 and based on this lack of information and belief deny each and every remaining allegation set forth therein.

37.  Defendants deny that Plaintiff Dunn was subjected to sexual or any other type of battery. Defendants admit that Plaintiff Dunn filed a complaint with Internal Affairs for the Oakland Police Department as set forth in Paragraph 93.

38.  Defendants admit that Plaintiff Dunn fled from Oakland Police Department officers on or about November 28, 2006 and that Plaintiff Dunn was apprehended in the backyard of a private residence for violating the terms of his parole. Defendants lack information or belief sufficient to enable them to answer the remaining allegations set forth in Paragraph 94 and based on this lack of information and belief deny each and every remaining allegation contained therein.

39.  Defendants lack information or belief sufficient to enable them to answer the allegations set forth in Paragraphs 95 and 98 and based on this lack of information and belief deny each and every allegation contained therein.

40.  Defendants deny the allegations set forth in Paragraphs 96, 97 and 99.

**DAMAGES**

41.  Defendants lack information or belief sufficient to enable them to answer the allegations set forth in Paragraphs 100, 101, 102, and 103 and based on this lack of information and belief deny each and every allegation contained therein.

## FIRST CAUSE OF ACTION

42. In response to Paragraph 104 of the Complaint on file herein, Defendants incorporate herein by this reference as though full set forth at length their answers to Paragraphs 1 through 103, inclusive.

43. Defendants deny each and every allegation contained in Paragraph 105, and each subpart thereunder, of the Complaint.

## SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983)

44. In response to Paragraph 106 of the Complaint on file herein, Defendants incorporate herein by this reference as though fully set forth at length their answers to Paragraphs 1 through 105, inclusive.

45. Defendants deny each and every allegation contained in Paragraphs 107, 108, 109, 110, 111 and 112 and each subpart thereunder.

46. Defendants admit the allegations contained in Paragraph 113.

## THIRD CAUSE OF ACTION
### (Assault and Battery)

**(Plaintiffs SMITH and ANTENEH against Defendant Officers KOSTER, BROWN, FRAZIER, HOLTON and DOES 6-8)**

47. In response to Paragraph 114 of the Complaint on file herein, Defendants incorporate herein by this reference as though fully set forth at length their answers to Paragraphs 1 through 113, inclusive.

48. Defendants lack information or belief sufficient to enable them to answer the allegations set forth in Paragraphs 115, 116 and 117, inclusive, and based on this lack of information and belief deny each and every allegation contained therein.

///
///

## FOURTH CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress)**
**(Plaintiffs SMITH and ANETENEH against Defendant Officers KOSTER, BROWN, FRAZIER, HOLTON and DOES 6-8)**

49. In response to Paragraph 118 of the Complaint on file herein, Defendants incorporate herein by this reference as though fully set forth at length their answers to Paragraphs 1 through 117, inclusive.

50. Defendants lack information or belief sufficient to enable them to answer the allegations set forth in Paragraphs 119 and 120 and based on this lack of information and belief deny each and every allegation contained therein.

**FIFTH CAUSE OF ACTION**
**(Violation of Civil Code § 51.7)**
**(Plaintiffs SMITH and ANETENEH against Defendant Officers KOSTER, BROWN, FRAZIER HOLTON, DOES 6-8)**

51. In response to Paragraph 121 of the Complaint on file herein, defendants incorporate herein by this reference as though fully set forth at length their answers to Paragraphs 1 through 120, inclusive.

52. Defendants lack information or belief sufficient to enable them to answer the allegations set forth in paragraphs 122 and 124 and based on this lack of information and belief deny each and every allegation contained therein.

53. Defendants deny the allegations set forth in Paragraph 123.

**SIXTH CAUSE OF ACTION**
**(Violation of Civil Code Section 52.1)**
**(Plaintiffs SMITH and ANETENEH against Defendant Officers KOSTER, BROWN, FRAZIER, HOLTON, DOES 6-8)**

54. In response to Paragraph 125 of the complaint on file herein, defendants incorporate herein by this reference as though fully set forth at length their Answers to Paragraphs 1 through 124, inclusive.

55. Defendants lack information or belief sufficient to enable them to

answer the allegations set forth in Paragraphs 126, 127, and 128 and based on this lack of information and belief deny each and every allegation contained therein.

56. Defendants deny the allegations set forth in Paragraph 129.

**SEVENTH CAUSE OF ACTION**
**(Negligence)**
**(Plaintiffs SMITH and ANETENEH against Defendants TUCKER, DOES 41-50, and Defendant Officers KOSTER, BROWN, FRAZIER, HOLTON, DOES 6-8)**

57. In response to Paragraph 130 of the Complaint on file herein, defendants incorporate herein by this reference as though fully set forth at length their answers to Paragraphs 1 through 129, inclusive.

58. Defendants lack information or belief sufficient to enable them to answer the allegations set forth in Paragraphs 131 and 132 and based on this lack of information and belief deny each and every allegation contained therein.

**AFFIRMATIVE DEFENSES**

**I.**

**AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE,** defendants allege that the Complaint fails to state a cause of action against these defendants.

**II.**

**AS A FURTHER, SECOND, SEPARATE AND AFFIRMATIVE DEFENSE**, defendants allege that the injuries and damages plaintiff complains of resulted from the acts and/or omissions of others, or acts of God, and without any fault on the part of defendants.

### III.

**AS A FURTHER, THIRD, SEPARATE AND AFFIRMATIVE DEFENSE,** defendants allege that any party or individual who was negligent and/or contributed to the alleged injuries and damages was not acting as its agent or with its knowledge or within the course and/or scope of employment with Defendant CITY OF OAKLAND.

### IV.

**AS A FURTHER, FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE**, defendant alleges that this action is barred by all applicable Government Code immunities, including, but not limited to, sections 815 through 900.  Said sections are pleaded as though fully set forth herein.

### V.

**AS A FURTHER, FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE**, defendants allege that they are not liable for punitive damages pursuant to Government Code section 818.

### VI.

**AS A FURTHER, SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE**, defendants allege that all of the actions of defendants were undertaken in good faith and with the reasonable belief that such actions were valid, necessary, reasonable, lawful and constitutionally proper, entitling defendants to the qualified immunity of good faith.

### VII.

**AS A FURTHER, SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE**, defendants allege that, if it in any fashion caused the injuries or damages alleged, although such liability is expressly denied herein, their acts and/or omissions were reasonable and privileged.

///

///

**VIII.**

**AS A FURTHER, EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE**, defendants allege, on information and belief, that plaintiffs failed to mitigate damages.

**IX.**

**AS A FURTHER, NINTH, SEPARATE AND AFFIRMATIVE DEFENSE**, defendants allege that, to the extent that plaintiffs allege or assert matters not contained in legally sufficient claims filed by them, this action is barred by the claims requirements set forth in Government Code Section 905, et seq.

**X.**

**AS A FURTHER, TENTH, SEPARATE AND AFFIRMATIVE DEFENSE**, defendants allege that this action is barred by all applicable statutes of limitations.

**XI.**

**AS A FURTHER, ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE**, defendants allege that plaintiffs have failed to allege and/or have not stated facts sufficient to show an affirmative link between the City of Oakland and the acts which allegedly violated plaintiffs' rights.

**XII.**

**AS A FURTHER, TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE**, defendants allege that all public employees acting for or on behalf of the City of Oakland were duly authorized peace officers acting in good faith, without malice, in the exercise of their discretion to enforce the law; that said officers had reasonable and probable cause to believe that plaintiffs did or were about to commit crimes; that only that amount of force was used which was necessary and reasonable under the circumstances; and that said Complaint is barred by the provisions of Government Code sections 815, 815.2, 818, 818.2, 820, 820.2, 820.3, 820.6, 820.8, 821.6, 844, 844.6, 845, 845.2, 845.4 and 845.6, as well as all privileges, immunities and protections afforded by Federal law.

**XIII.**

**AS A FURTHER, THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**, defendants allege that the plaintiffs' detention, arrest, and any search, if any occurred, were made with reasonable suspicion, and/or probable cause and that any force used, if any, was reasonable.

**XIV.**

**AS A FURTHER, FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**, defendants allege that all times relevant herein, the City of Oakland's police officer training was constitutionally sound and met or exceeded standards set by POST.

**XV.**

**AS A FURTHER, FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**, defendants allege that at all times relevant to the matters alleged in the complaint, the City of Oakland maintained an internal affairs division which investigated citizen complaints of misconduct against police officers and that the investigatory standards used by the department were constitutionally sound and met or exceeded standards of similarly situated departments throughout the State of California.

**XVI.**

**AS A FURTHER, SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**, defendants allege that at all times relevant to the matters alleged in the complaint, that the City of Oakland and the City of Oakland Police Department maintained constitutionally sound policies and procedures which Oakland Police Officers were required to follow.

**WHEREFORE,** defendants pray that:

1. Plaintiffs take nothing by reason of their complaint;
2. Defendants have judgment against plaintiffs;

///
///

1   3. Defendants be awarded their costs of suit incurred herein, including
2   costs; and
3   4. The Court award such other relief as it may deem proper.

DATED: June 25, 2008

          JOHN A. RUSSO, City Attorney
          RANDOLPH W. HALL, Chief Assistant City Attorney
          WILLIAM E. SIMMONS, Supervising Trial Attorney
          ARLENE M. ROSEN, Senior Deputy City Attorney

By: _____/s/_____
   Attorneys for Defendants
   CITY OF OAKLAND, et al.