1   JOHN L. BURRIS (State Bar No. 69888)
    BENJAMIN NISENBAUM (State Bar No. 222173)
2   LAW OFFICES OF JOHN L. BURRIS
    Airport Corporate Centre
3   7677 Oakport Street, Suite 1120
    Oakland, California 94621
4   Telephone:  (510) 839-5200
    Facsimile:   (510) 839-3882
5
    Attorneys for Plaintiffs
6
    MICHAEL J. HADDAD (State Bar No. 189114)
7   JULIA SHERWIN  (State Bar No. 189268)
    GINA ALTOMARE (State Bar No. 273099)
    HADDAD & SHERWIN
8   505 Seventeenth Street
    Oakland, California  94612
9   Telephone: (510) 452-5500
    Fax: (510) 452-5510
10
    Attorneys for Plaintiffs
11
12                  **UNITED STATES DISTRICT COURT**

13                **NORTHERN DISTRICT OF CALIFORNIA**

14  JAMES TAYLOR, et. al.,                    )   **Related Case No. C-04-4843 SI**
                                              )
15                     Plaintiffs,            )   Hon. Susan Illston
                                              )
    vs.                                       )
16                                            )   **STIPULATION AND**
    CITY OF OAKLAND, et. al.,                 )   **(PROPOSED) ORDER RE:**
17                                            )   **SETTLEMENT OF INJUNCTIVE**
                       Defendants,            )   **RELIEF CLAIMS, WITH**
18  ___*AND ALL RELATED CASES*___            )   **CONTINUING DISTRICT**
                                              )   **COURT JURISDICTION FOR**
19  JIMMY RIDER,                              )   **ENFORCEMENT**
                                              )
20                     Plaintiff,             )
                                              )
    vs.                                       )
21                                            )
    CITY OF OAKLAND, et. al.,                 )
22                                            )
                       Defendants.            )
23                                            )
    (Case No. C-05-3204 SI)                   )
24                                            )
                                              )
25                                            )
                                              )
26  _____         )
                                              )
27  ___*JOINT CAPTION CONTINUED ON NEXT PAGE*___ )
28
    Related Case No. C-04-4843 SI:  STIPULATION AND (PROPOSED) ORDER RE: SETTLEMENT OF INJUNCTIVE RELIEF
    CLAIMS, WITH CONTINUING DISTRICT COURT JURISDICTION FOR ENFORCEMENT          1

DARNELL FOSTER AND CLASS MEMBERS, et. al.,

       Plaintiffs,

  vs.

CITY OF OAKLAND, et al.,

       Defendants.

(Case No. 3:05-cv-3110 SI)

TYRONE MOORE, et al.,

       Plaintiffs,

  vs.

CITY OF OAKLAND, et. al.

       Defendants,

(Case No. C-06-2426 SI)

JEFFRIE MILLER, et. al.,

       Plaintiffs,

  vs.

CITY OF OAKLAND, et al.,

       Defendants.

(Case No. C-07-1773 SI)

WARD, et. al.,

       Plaintiffs,

  vs.

CITY OF OAKLAND, et al.,

       Defendants.

(Case No. C-07-4179  SI)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Related Case No. C-04-4843 SI:  STIPULATION AND (PROPOSED) ORDER RE: SETTLEMENT OF INJUNCTIVE RELIEF CLAIMS, WITH CONTINUING DISTRICT COURT JURISDICTION FOR ENFORCEMENT

2

1   *JOINT CAPTION CONTINUED ON NEXT PAGE*                )
    SMITH, et. al.,                                       )
2                                                         )
                        Plaintiffs,                       )
3            vs.                                          )
                                                          )
4   CITY OF OAKLAND, et al.,                              )
                                                          )
5                                                         )
                        Defendants.                       )
6                                                         )
                                                          )
7   (Case No. C-07-6298 SI)                               )
                                                          )
8   ─────────────────────────────────────                )
                                                          )
9   TURNER, et. al.,                                      )
                                                          )
10                      Plaintiffs,                       )
             vs.                                          )
11                                                        )
    CITY OF OAKLAND, et al.,                              )
12                                                        )
                        Defendants.                       )
13                                                        )
                                                          )
14  (Case No. C-08-3114 SI)                               )
    ─────────────────────────────────────                )
15  COLEY,                                                )
                                                          )
16                      Plaintiff,                        )
             vs.                                          )
17                                                        )
    CITY OF OAKLAND, et al.,                              )
18                                                        )
                        Defendants.                       )
19                                                        )
                                                          )
20  (Case No. C-08-4255 SI)                               )
    ─────────────────────────────────────                )
21                                                        )
    KOUNTZ,                                               )
22                                                        )
                        Plaintiff,                        )
23           vs.                                          )
                                                          )
24  CITY OF OAKLAND, et al.,                              )
                                                          )
25                      Defendants.                       )
                                                          )
26                                                        )
    (Case No. C-09-5316 SI)                               )
27                                                        )
    ═════════════════════════════════════                )
28

Related Case No. C-04-4843 SI:  STIPULATION AND (PROPOSED) ORDER RE: SETTLEMENT OF INJUNCTIVE RELIEF
CLAIMS, WITH CONTINUING DISTRICT COURT JURISDICTION FOR ENFORCEMENT                              3

1   *JOINT CAPTION CONTINUED ON NEXT PAGE*                )
2                                                          )
    B.M.,                                                  )
3                                                          )
                    Plaintiff,                             )
4        vs.                                               )
5                                                          )
    CITY OF OAKLAND, et al.,                               )
6                                                          )
                    Defendants.                            )
7                                                          )
8   (Case No. C-11-4903 SI)                                )
9                                                          )
    BROWN,                                                 )
10                                                         )
                    Plaintiff,                             )
11       vs.                                               )
12                                                         )
    CITY OF OAKLAND, et al.,                               )
13                                                         )
                    Defendants.                            )
14                                                         )
15  (Case No. C-11-4904 SI)                                )
16                                                         )
    JOHNSON,                                               )
17                                                         )
                    Plaintiff,                             )
18       vs.                                               )
19                                                         )
    CITY OF OAKLAND, et al.,                               )
20                                                         )
                    Defendants.                            )
21                                                         )
22  (Case No. C-11-4905 SI)                                )
23                                                         )
24                                                         )
25                                                         )
26                                                         )
    *JOINT CAPTION CONTINUED ON NEXT PAGE*                 )
27                                                         )
                                                           )
28

Related Case No. C-04-4843 SI:  STIPULATION AND (PROPOSED) ORDER RE: SETTLEMENT OF INJUNCTIVE RELIEF
CLAIMS, WITH CONTINUING DISTRICT COURT JURISDICTION FOR ENFORCEMENT                          4

1   NOBLE,                                                          )
2                     Plaintiff,                                    )
3            vs.                                                    )
4   CITY OF OAKLAND, et al.,                                        )
5                     Defendants.                                   )
6   (Case No. C-11-4906 SI)                                         )
7   _____                          )
8   OKOLI,                                                          )
9                     Plaintiff,                                    )
10           vs.                                                    )
11  CITY OF OAKLAND, et al.,                                        )
12                    Defendants.                                   )
13  (Case No. C-11-4907 SI)                                         )
14  _____                          )
15  ROMERSON,                                                       )
16                    Plaintiff,                                    )
17           vs.                                                    )
18  CITY OF OAKLAND, et al.,                                        )
19                    Defendants.                                   )
20  (Case No. C-11-4908 SI)                                         )
21  _____                          )
22  SMITH,                                                          )
23                    Plaintiff,                                    )
24           vs.                                                    )
25  CITY OF OAKLAND, et al.,                                        )
26                    Defendants.                                   )
27  (Case No. C-11-4909 SI)                                         )
28

Related Case No. C-04-4843 SI:  STIPULATION AND (PROPOSED) ORDER RE: SETTLEMENT OF INJUNCTIVE RELIEF
CLAIMS, WITH CONTINUING DISTRICT COURT JURISDICTION FOR ENFORCEMENT                                    5

All parties through their counsel of record in *Taylor v. City of Oakland*, No. C-04-4843, and *all related cases*, hereby request that, pursuant to this Court's Order of Conditional Dismissal (*Taylor*, Doc. 223), this court vacate that conditional dismissal and restore this matter to the court docket for the purposes set forth below.  All parties herein stipulate to, and request this Court to order, the following settlement of injunctive and declaratory relief claims in this matter:

1.  The City of Oakland, through the Oakland Police Department (OPD), will institute, promulgate, enforce, and train its officers on the new policy and training bulletin concerning strip searches conducted in the field, attached as Exhibit A to this Order, which will supersede and replace all prior OPD policies concerning strip searches in the field, effective from the date of entry of this Order;

2.  The City of Oakland will apprise Plaintiffs' counsel of any proposed revisions to OPD's policy concerning strip searches in the field before finalizing and/or instituting such revisions for the period of two years from entry of this order;

3.  The Oakland Police Department will capture and retain (a) all complaints about strip searches conducted in the field, and (b) all reports of such searches, for a period of two years from entry of this order; those reports, complaints, and any investigation and disposition thereof, will be reviewed by a commanding officer and forwarded to Plaintiffs' counsel semiannually (every six months) for the period of two years from entry of this order;

4.  This Court will maintain jurisdiction over these related actions for the limited purpose of enforcing the City of Oakland's compliance with this Stipulation and Order for the period of two years from entry of this order.  In the absence of any further order from this Court or pending motion by any party to this agreement, these

1    related matters will be fully and finally dismissed with prejudice upon the passing of

2    two years from entry of this order.

3    **STIPULATED AND AGREED.**

4    DATED:  April 17, 2013          HADDAD & SHERWIN

5

6                                        By: /s/ Michael J. Haddad

7                                        Attorneys for Plaintiffs

8    DATED:  April 17, 2013          LAW OFFICES OF JOHN L. BURRIS

9

10                                       By: /s/ John L. Burris
                                         Attorneys for Plaintiffs

11   DATED:  April 17, 2013          OFFICE OF THE CITY ATTORNEY

12

13                                       By:  /s/ Arlene Rosen
                                         Attorneys for Defendants
14                                       City of Oakland, et al.

15

16

17                                    **<u>ORDER</u>**

18        Pursuant to stipulation of the parties, IT IS SO ORDERED.

19
                        April 17,
20   Dated: _____, 2013.

21

22                                       _____

23                                       HON. SUSAN ILLSTON
                                         UNITED STATES DISTRICT COURT

24

25

26

27

28

OFFICE OF CHIEF OF POLICE
OAKLAND POLICE DEPARTMENT

MEMORANDUM

TO:      All Personnel                                    DATE: 02 Apr 13

SUBJECT:   Revision of Departmental Training Bulletin I-O.02,
           LEGAL ASPECTS OF SEARCHING PERSONS (Rev. 05 Oct 10).

The subject order has been revised to update Departmental policy and procedures regarding
The Legal Aspects of Searching Persons.

Provisions of this Training Bulletin have been revised to include the following Departmental
publications which are hereby canceled:

• Information Bulletin 24 Apr 06 - Searches during a detention (patdown/Frisks);

• Information Bulletin 23 Dec 08 -Searches during a detention;

• Special Order 8982 - Legal standard to conduct strip searches in the field (amended
  to reflect current language in the TB); and

• Training Bulletin I-O.04 - Legal aspects on searching persons on parole and
  probation.

The Evaluation Coordinator for this order shall be the Training Section Commander, who,
without further notice, shall forward the required report to the Chief of Police on or by 02
Apr 16.

The Evaluation Coordinator shall forward a copy of the six-month evaluation report, along
with the comments/recommendations received, to the Bureau of Risk Management to be
maintained in the appropriate Departmental Training Bulletin archive folder.

Personnel shall acknowledge receipt, review, and understanding of this directive in
accordance with the provisions of DGO A-1, DEPARTMENTAL PUBLICATIONS.

By order of

Howard A. Jordan
Chief of Police                              Date Signed: 02APR13

# TRAINING  BULLETIN

| | |
|---|---|
| Date of Issue / Revision<br>02 Apr 13 | Index Number: I-O.02<br>Alpha Index: Legal Aspects of<br>Searching Persons |

Evaluation Coordinator: Training Section Commander
Automatic Revision Cycle: 3 Years

*"Department Training Bulletins shall be used to advise members of current police techniques and procedures and shall constitute official policy."*

## THE LEGAL ASPECTS OF SEARCHING PERSONS

### I.    INTRODUCTION

The purpose of this Training Bulletin is to identify the circumstances under which an officer may search detainees, arrested persons, and their possessions.

The Fourth Amendment protects people against unreasonable searches and seizures. It is essential that officers understand the limitations the law imposes upon their conduct of a search. Police officers must constantly be aware of and comply with case law that describes conditions allowing searches and seizures by the government.

State and Federal courts do not support and routinely suppress evidence that result from searches that unreasonably infringe on the reasonable expectation of privacy of the person searched. Additional consequences include violations of Departmental policy and claims of civil rights violations.

The intrusiveness of a search is just one element of a search but easily the single most important in the reasonableness analysis conducted by State and Federal courts. For example, moving clothes to visually inspect underclothes or "private parts" of a person may constitute a very serious, very intrusive governmental action that must be justified with articulable facts that support the reasonableness of the search.

Searches of people can be justified by a warrant, consent, exigency, or established case law decisions allowing such searches (e.g., incident to an arrest). Always assess the totality of circumstances surrounding a warrantless search and consider whether or not the search is reasonable under the circumstances. Case law regarding search and seizure can change each time a court decision is made. Officers are not expected to be able to cite court decisions but they are expected to understand what constitutes a reasonable search and seizure. When in doubt, call a supervisor to the scene.



Legal Aspects of Searching Persons, Index Number I-O.02

Questions regarding search and seizure can also be made to the Training Section for a referral to the appropriate subject matter expert.

## II.    SEARCH DEFINITIONS

A.    "Full body" search (incident to an arrest where the arrestee is going to be transported to the jail or the hospital) means a pat-down and thorough examination of the arrestee's clothing and containers in his or her possession. When multiple garments (jackets, pants, etc.) are worn, the outer garment may be removed for examination and to allow for examination of garments below the outer layer.

Example: Front pants pockets are pulled out (reversed) and examined. Back pockets are entered by reaching inside and contents are removed. Hats, gloves, and shoes are removed and examined. Waistbands are examined. If suspected evidence, weapons, or contraband is discovered during a routine full body search, a more intrusive search (strip search) is allowed for the purpose of removing the item.

B.    "Strip search" means a search that requires a person to remove or arrange some or all of his or her clothing so as to permit a visual inspection of the underwear, brassiere, breasts, buttocks, or genitalia of such a person.

C.    "Body cavity" means the rectal cavity of a person, and vagina of a female person. The ear canals, nostrils, and throat are not body cavities.

D.    "Visual body cavity" search means visual inspection of a body cavity.

E.    "Physical body cavity" search means physical intrusion into a body cavity for purpose of discovering any object concealed in the body cavity.

## III.    FUNDAMENTAL SEARCH AND SEIZURE GUIDELINES

A.    An officer may search a person after obtaining the person's consent;

B.    An officer may search a person incident to arrest;

C.    An officer may search a person after obtaining a warrant authorizing such a search; or

D.    An officer may search a person pursuant to the subject's parole or probation search clause.



E.     An officer may search without a person's consent and without a warrant only within the limits prescribed by law for the circumstances at hand.

## IV.   CURSORY SEARCHES

During a detention, you have no power to conduct a general, full, exploratory search of the suspect. However, you may conduct a patdown or limited weapons search of someone you have detained, but only:

- For weapons,
- Of the person's outer clothing, and
- If you have specific facts which make you feel in danger.

"Standard procedure" is not good enough. You must reasonably suspect that the person is armed or may be armed, although you do not need to be positive. The courts are quite supportive of your safety. But at the very least you need a potentially dangerous situation to justify a patdown search. Dealing with a suspected dangerous felon is by definition enough cause. However, pat searching the passenger of a vehicle stopped for a traffic infraction, with nothing more, is not justified.

Examples:

A.     While on routine patrol one morning, two officers spotted a young man looking into two parked cars in an alley where many complaints of criminal activity—including vehicle tampering—had originated. As the officers drove by slowly, the suspect tried to stay out of view behind a dumpster. When they approached him and began talking to him, he became very nervous, boisterous, angry, and antagonistic—"borderline combative." The court said it was proper to pat him down (he was nearly 6' tall, 190 lbs.). "Under such circumstances, they were not required to await an actual assault before assuring themselves that the detainee was not armed with a lethal weapon." (Michael S. (1983) 141 Cal.App3d 814.)

B.     An officer was justified in patting down a suspect for weapons where he and his partner were outnumbered, had a basis for believing the suspect was dealing drugs, knew that drug dealers often carry weapons, and had first-hand knowledge about the prevalence of drugs and weapons in the area. "The connection between weapons and an area can provide further justification for a pat-search." 'It is not unreasonable to assume that a dealer in narcotics might be armed' and subject to a pat-search." (Limon (1993) 17 Cal.App.4th 524, 534-535; see also §109,179 (9th Cir. 2000) 228 F.3d 1080, 1086, where the Ninth Circuit, in talking about a suspected drug



dealer, said that the officer's experience "provided him with the knowledge that narcotics suspects are often armed and dangerous...")

## V.     SEARCHES INCIDENT TO AN ARREST

### A.     Legal Requirements

There are three requirements for a lawful search incident to an arrest:

1.     The arrest must be legal.

2.     The search must be contemporaneous with the arrest. As a general rule, "contemporaneous" means the search must take place at the same general time and the same general location as the arrest. However, the courts have allowed exceptions when the time lapse between arrest and search were attributable to reasonable police necessities. During a narcotics arrest, for example, when a hostile crowd gathered, police were allowed to interrupt the search of the suspect to move to a safer location in order to protect themselves and the arrested person.

3.     The arrest must be custodial.  For the purpose of this Training Bulletin, "custodial" means the arrested person will be transported. It is the custodial nature of the arrest and not the charge for which a person is arrested which justifies the search.  Searches incident to an arrest are not permissible when the arrest is not custodial and will be disposed of by a mere citation.

### B.     Scope and Type of Search Allowed

1.     Scope of Search Allowed

Generally, the scope of a search incident to an arrest is governed by the following rule:  An officer may conduct a full body search of the arrestee and the area within the arrestee's immediate control contemporaneous to an arrest with the exception of the arrestee's vehicle as defined in Arizona v. Gant. The "area of immediate control" is defined as the area from which a weapon may be obtained or in which evidence may be destroyed.

2.     Type of Search Allowed

Incident to an arrest, officers may conduct a full body search of a person for:



02 Apr 13 • Oakland Police Department

    a.     Instrumentalities used to commit crime;

    b.     Fruits of a crime;

    c.     Evidence;

    d.     Contraband; and

    e.     Weapons which can be used to assault arresting officers or to affect an escape.

Officers may conduct full body searches of arrestees who are going to be transported to jail. Other searches which are incident to an arrest (i.e., containers, vehicles, surrounding areas) are also permissible and are discussed in Training Bulletin I-O.1 THE LEGAL ASPECTS OF SEARCHING VEHICLES.

3.    Cell Phone Searches Incident to Arrest

If a cell phone is seized during a search incident to arrest, officers may activate the device so as to reveal any stored information. As noted in U.S. v. Ortiz, "[I]t is imperative that law enforcement officers have the authority to immediately 'search' or retrieve, incident to a valid arrest, information from a pager in order to prevent its destruction as evidence." It is also arguable that officers may search PDAs and other types of handheld data storage devices because they are tantamount to a wallet or briefcase.

## VI.    SEARCHES OF PAROLEES AND PROBATIONERS

Officers shall be respectful when engaging and providing service to the community. To help eliminate negative perceptions of peace officers' conduct, officers are encouraged to focus on developing a rapport with community members and refrain from immediately asking if a person is on probation or parole. Such a question, especially if it is the first question asked, infers that the community member must have some sort of criminal history. Community members may view this line of questioning as disrespectful and as an assumption without merit.



Legal Aspects of Searching Persons, Index Number I-O.02

Officers' primary motivation to conduct a parole or probation search shall serve as a legitimate law enforcement or rehabilitative interest.  A parole or probation search shall not be:

- Arbitrary;
- Capricious; or
- Harassing

A.    Necessary Requirements

There are three requirements necessary to invoke a search clause of a parolee or probationer:

1.    <u>Knowledge of search condition:</u> Prior to a probation or parole search, an officer must be aware of the person's search conditions. If the parolee advises that he/she is on parole, or a probationer advises that he/she is on probation with an appropriate search clause, officers do not need to independently verify their status prior to conducting the search.

2.    <u>Rehabilitative or law enforcement motivation:</u> The search must be reasonably related to the purpose of the person's probation or parole status, making certain he/she is adhering to the appropriate legal guidelines set forth. A parolee or probationer's status is sanctioned by the courts to prevent recidivism and encourage accountability. The motivation behind invoking a parole or probation search shall not be to re-incarcerate an individual. It is, rather, an accountability mechanism to prevent any future criminal behavior.

3.    <u>Scope and intensity:</u> The search must be reasonable in its scope and intensity.

B.    Verifying Status

To verify the status of a parolee or probationer, AWS, CRIMS, and CORPUS are available.

There have been numerous incidents where there is a discrepancy as to the date of termination of a probationer's conditions as calculated and displayed in AWS, CRIMS, and CORPUS.

If an officer has no prior personal knowledge or has not been verbally advised by the parolee or probationer confirming his/her status prior to conducting a probation search of an individual and/or their property, the



officer shall ensure there are no status inconsistencies that may later jeopardize an investigation. In these cases, the officer shall verify the status of a parolee or probationer via AWS and CRIMS. In the event that an inconsistency is discovered, an officer shall rely on CRIMS as the verifying information.

Note: When a subject's probation is "revoked," he/she is still considered to be on active probation. The revoked status extends the Probation Termination Date, which may indicate different termination dates in the databases.

If the parolee advises that he/she is on parole, or a probationer advises that he/she is on probation with an appropriate search clause, it is not mandatory to confirm his/her status prior to the search. Officers shall, however, always confirm the parolee/probationer's status after the search is completed and document the findings in his/her applicable report. This step is necessary in the event the person is not actually on parole or probation to prevent future searches based on inaccurate information from the person and to mitigate risk to the officer and the City.

After the search of the parolee/probationer is complete, officers shall document the following in an appropriate offense report and/or Field Interview Report (via FBR):

1.     What led to the consensual encounter/detention of the subject;

2.     How it was determined that the subject was on parole or searchable probation;

3.     How parole or probation status was verified. If verified via AWS or CRIMS from an accessible computer terminal, officers shall cut and paste the information from the computer into the Field Based Reporting offense report and/or Field Interview Report. If verified via CORPUS and/or no accessible computer terminal is available to access AWS or CRIMS, officers shall document that the parolee/probationer's status was verified via the service channel.

## VII.   STRIP SEARCHES IN THE FIELD

### A.     PURPOSE

Field strip searches are significantly restricted by law.  Officers may be subject to liability under state and federal law for constitutional violations. Under Penal Code Section 4030, officers who use, participate in, or allow



Legal Aspects of Searching Persons, Index Number I-O.02

other officers to conduct field strip searches without justification or in a capricious or arbitrary manner may face criminal liability.

The purpose of this policy is to:

1.   Ensure compliance with legal standards applicable to field strip searches;

2.   Establish policy requirements; and

3.   Provide officers with guidelines for determining when and under what limited conditions the use of field strip searches are authorized by law and this policy.

B.   POLICY

The Department recognizes the intrusiveness of strip searches on individual privacy and the significant legal restrictions imposed by State and Federal law.  The use of strip searches may, under certain limited conditions, be necessary to protect the safety of officers and the public, and to detect and secure evidence of criminal activity.  Consistent with the law, the Department discourages the use of strip searches in the field.  It is the policy of the Department that strip searches in the field shall be conducted only under exigent circumstances and with the proper authority and justification. Field strip searches shall be conducted in accordance with the procedural guidelines as set forth in this policy and with due recognition and deference for the human dignity and privacy rights of those being searched.

C.   DEFINITIONS

1.   Strip Search

A strip search is a search which requires a person to remove or arrange some or all of his or her clothing so as to permit a visual inspection of the underclothing, breasts, buttocks, or genitalia of such person (Penal Code 4030(c).)

2.   Exigent Circumstances

Exigent circumstances are circumstances where the immediate need to perform a field strip search outweighs the need to transport the prisoner to a jail facility and perform a strip search in the facility in accordance to PC 4030.



02 Apr 13 • Oakland Police Department

The following are examples of exigent circumstances that may prompt a field strip search:

a.   The arrestee is making overt attempts to remove the concealed narcotics and orally ingest them. Ingestion of the narcotics can lead to choking or other medical emergency.

b.   The arrestee is making overt movements to remove the concealed narcotics and destroy them.

c.   The arrestee is suspected of concealing a weapon.

3.   Field Strip Search

A field strip search is a strip search as discussed above which is conducted outside of a jail facility and not as part of the booking process.

D.   REQUIREMENTS AND PROCEDURES

1.   Field strip searches shall be conducted only on persons who are arrested, when an officer has **independent probable cause** to believe that the arrestee is concealing weapons or contraband, and under exigent circumstances where the life of officers or civilians may be at risk or evidence may be destroyed. The following requirements must be met:

a.   Arrestee

The person on whom the strip search is conducted must be an <u>arrestee</u>.  This also applies to probationers and parolees.

b.   Probable Cause for Believing the Arrestee Is Concealing Evidence

There must be <u>probable cause</u> to believe that the arrestee is concealing weapons, narcotics, or contraband and the strip search will lead to the discovery of items.

c.   Urgency

There must be an <u>urgency</u> requiring the recovery of the items in the field to safeguard officers and the public from harm, and to protect evidence from being destroyed.



Legal Aspects of Searching Persons, Index Number I-O.02

      d.     Privacy

The searching officer(s) must ensure that the arrestee is afforded sufficient <u>privacy</u> so that undergarments or private body parts are not exposed to other persons or uninvolved personnel.

Officers shall take all reasonable opportunities to avoid circumstances that may publicly embarrass individuals and take all reasonable steps to diminish the invasion of an individual's privacy.

The search must be conducted so that it cannot be observed by the public or personnel not participating in the search. Officers shall provide sufficient privacy to the person being search (which may include moving the arrestee to a secure and private location). Only those officers reasonably necessary for conducting a safe search shall view, assist in, or participate in the search.

      e.     Professional Manner

The search must be conducted in a <u>professional manner</u>. Searches shall be conducted respectfully, lawfully and professionally in order to maintain the integrity and values of the Department, as well as the community's trust.

The officer conducting the search shall be of the same sex as the person being searched unless an exigency exists which threatens the safety of officers or the public.

The officer shall avoid having physical contact with the arrestee's buttocks, genitalia, or female breasts while performing a field strip search, unless the contact is reasonably necessary to seize the evidence.

      f.     Limited Scope

Officers shall search only those in areas where they have cause to believe weapons or drugs are being hidden. Officers shall attempt to avoid touching the arrestee's private body parts and avoid having physical contact with the person's buttocks, genitalia, or breasts (female) while performing a field strip search.



02 Apr 13 • Oakland Police Department

If a strip search in the field is justified, officers shall conduct only limited, reach-in type strip searches.  **Body cavity searches are prohibited**.

g.    Less Intrusive Searches

Officers shall attempt to conduct less invasive searches first before proceeding to conduct a field strip search, unless the exigent circumstances warrant use of a field strip search to protect the safety of officers or the public.

h.    Obtain Supervisory Approval

Officers are required to obtain supervisory approval prior to conducting a field strip search.  The only exception is if a weapon or other situation requires immediate action to protect the safety of officers or the public.  The approval may be verbal.  If prior approval is not possible due to exigency, officers shall inform a supervisor as soon as possible after the search.

i.    Communications Notification

When a field strip search is conducted, officers shall notify the Communications Division by using disposition code FSSC (Field Strip Search Conducted).

j.    Documentation

The use of field strip searches shall be documented in the appropriate report and the report shall be approved by the field supervisor.  The following information shall be documented:

1)    Probable cause for the underlying arrest.

2)    Probable cause for believing that the arrestee is concealing a weapon, drugs or other contraband.

3)    Exigency that required the immediate recovery of the items.

4)    Identity of the supervisor contacted and whether prior approval was obtained or not.



Legal Aspects of Searching Persons, Index Number I-O.02

     5)     Identity of officer who conducted the strip search or witnessed it.

     6)     Privacy afforded and the steps taken to ensure privacy.

     7)     Less intrusive searches conducted or efforts made.

     8)     Scope and mechanics of the strip search conducted (the extent to which clothing was manipulated/readjusted, whether private body parts were exposed, the time involved, etc.).

     9)     Result of the search.

     10)     Whether an officer's PDRD was activated during the incident.

    2.     Jail Strip Search

Arrestees transported to a jail facility and booked for housing within the general jail population may be searched as authorized by PC 4030 or applicable State and Federal case law. A strip search of an arrestee in the jail facility shall be performed by the Alameda County Sheriff's Office. Prior to booking, members need to communicate the circumstances leading to their belief that an arrestee is concealing weapons, drugs, or other contraband to Alameda County personnel.

## VIII.  OTHER SEARCHES

    A.     Use of Emetics

An emetic is a substance which induces vomiting. An emetic can be administered to a suspect only upon a physician's order of medical necessity or pursuant to a search warrant. An officer cannot request or order a doctor to administer an emetic.

For example, courts have ruled that the forced ingestion of an emetic solution which caused the defendant to vomit seven balloons containing heroin violated the defendant's constitutional rights.



B.     Obtaining Blood Samples

Reasonable force can be used to obtain a blood sample from an arrestee when obtaining a blood sample is necessary to preserve evidence. Using reasonable force to obtain a blood sample may be justified, for example, in DUI incidents that result in property damage, injury, and/or a fatality. With the exception of DUI's, all other circumstances where consent is not given, a warrant is required to obtain a blood sample.

As a general rule, a sample of blood may be obtained whether or not the defendant is conscious.